T.C. Memo. 1997-222

UNITED STATES TAX COURT

THOMAS E. AND IRIS M. TILLEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2594-96.                        Filed May 12, 1997.

Thomas E. Tilley and Iris M. Tilley, pro sese.

<u>James R. Rich</u>, for respondent.


MEMORANDUM OPINION

FOLEY, <u>Judge</u>:  By notice of deficiency dated November 14,
1995, respondent determined deficiencies in petitioners' Federal
income taxes and accuracy-related penalties as follows:

|  |  | Penalty |
| Year | Deficiency | Sec. 6662(a) |
| 1991 | $7,739 | $1,548 |

1992              62,976                 12,595

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are as follows:

1.  Whether petitioners are liable for the deficiencies determined by respondent.  We hold that petitioners are liable.

2.  Whether petitioners, pursuant to section 6662(a), are liable for accuracy-related penalties.  We hold that petitioners are liable.

3.  Whether a penalty, pursuant to section 6673, should be imposed upon petitioners.  We do not impose a penalty.

At the time the petition was filed, petitioners resided in Chapel Hill, North Carolina.

Petitioners filed, in a timely manner, joint Federal income tax returns for 1991 and 1992.  On the returns, petitioners reported, among other items, the following:  (1) A depreciation deduction of $2,200 for 1991; (2) a capital loss of $5,056 for 1991; and (3) bad debt deductions of $36,000 for 1991 and $224,963 for 1992.  Respondent disallowed these items and increased petitioners' taxable income by $41,056 for 1991 and $224,963 for 1992.  Respondent further determined that petitioners were subject to accuracy-related penalties for negligence.  Petitioners filed their petition on February 12,

1996.  On December 6, 1996, the Court filed respondent's Motion for Claim for Damages Under I.R.C. § 6673, contending that petitioners' position in the case was frivolous or groundless.

Taxpayers bear the burden of proving that respondent's determinations of deficiencies and penalties are erroneous.  Rule 142(a).  Petitioners have introduced no evidence to support their entitlement to the deductions they claimed.  While Mr. Tilley testified that he had relied on an accountant to ensure that the returns were correct, petitioners introduced no evidence to establish that such reliance was reasonable.  See sec. 6664(c); sec. 1.6664-4(b), Income Tax Regs.  As a result, we conclude that petitioners have failed to meet their burden of proof, and they are liable for the deficiencies and accuracy-related penalties as determined by respondent.

Respondent filed a motion for the imposition of a penalty under section 6673(a)(1).  We conclude that such a penalty is inappropriate in the present case and deny respondent's motion.

To reflect the foregoing,

An appropriate order and decision will be entered.