T.C. Memo. 2002-161

UNITED STATES TAX COURT

THOMAS & IRIS TILLEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 400-01L.                    Filed June 25, 2002.

<u>Knox Kent Lively III</u>, for petitioners.

<u>Blake Ferguson</u> and <u>J. Craig Young</u>, for respondent.

MEMORANDUM OPINION

PAJAK, <u>Special Trial Judge</u>:  This case comes before the
Court on respondent's Motion To Dismiss For Lack Of Jurisdiction,
and on petitioners' cross-motion to dismiss.  Section references
are to the Internal Revenue Code as amended.

On May 26, 1999, the Internal Revenue Service Appeals Office
in Greensboro, North Carolina, issued two separate Notices of
Determination Concerning Collection Action(s) Under Section 6320

and/or 6330 (notice[s] of determination).  One notice of determination was issued to both petitioners, stating respondent's intention to proceed with collection by levy of their joint Federal income tax liabilities for the taxable years 1991 and 1992.  The other notice of determination was issued to petitioner Thomas Tilley, stating respondent's intention to proceed with collection by levy of his separate Federal income tax liabilities for the taxable years 1994 and 1995.

The notice of determination for the 1991 and 1992 income taxes was sent to petitioners at their last known address, 4920 Farrington Road, Chapel Hill, North Carolina 27514-8603, by certified mail on May 26, 1999.  The notice of determination for the 1994 and 1995 income taxes was sent to Mr. Tilley at his last known address, 4920 Farrington Road, Chapel Hill, North Carolina 27514-8603, by certified mail on May 26, 1999.

Petitioners filed one petition for review of respondent's notices of determination relating to the Federal income taxes for the taxable years 1991, 1992, 1994, and 1995.  Petitioners resided in Chapel Hill, North Carolina, at the time their petition was filed.

The 30-day period provided by section 6330(d)(1) for timely filing a petition for review of the notices of determination with this Court expired on June 25, 1999.  That date was not a legal holiday in the District of Columbia.  The petition was filed with

the Tax Court on January 8, 2001, which date is 593 days after the mailing of the notices of determination. The date of the U.S. Postmark stamped on the cover in which the petition was mailed by regular mail to this Court is January 4, 2001, which date is 589 days after the mailing of the notices of determination.

Petitioners do not contest the foregoing facts.

Respondent's position is that the petition was not filed with the Court within the time prescribed by sections 6330(d)(1) or 7502. Petitioners' position is that respondent did not provide petitioners with an opportunity for a hearing as required by section 6330 and therefore that this Court should dismiss this case because petitioners claim the notices of determination are invalid.

There is no dispute that the Court lacks jurisdiction in this case.

Section 6330 provides in part as follows:

SEC. 6330(a). Requirement Of Notice Before Levy.--

    (1) In General.--No levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made. Such notice shall be required only once for the taxable period to which the unpaid tax specified in paragraph (3)(A) relates.

    (2) Time And Method For Notice.--The notice required under paragraph (1) shall be--
  *    *    *    *    *    *    *
        (C) sent by certified or registered mail, return receipt requested, to such person's last known address;

not less than 30 days before the day of the first levy with respect to the amount of the unpaid tax for the taxable period.

    (3) Information Included With Notice.--The notice required under paragraph (1) shall include in simple and nontechnical terms–

        (A) the amount of unpaid tax;

        (B) the right of the person to request a hearing during the 30-day period under paragraph (2); and

    *       *       *       *       *       *       *

(b) Right To Fair Hearing.–

    (1) In General.--If the person requests a hearing under subsection (a)(3)(B), such hearing shall be held by the Internal Revenue Service Office of Appeals.

    (2) One Hearing Per Period.--A person shall be entitled to only one hearing under this section with respect to the taxable period to which the unpaid tax specified in subsection (a)(3)(A) relates.

On February 3, 1999, respondent sent to petitioners a Notice of Intent To Levy And Notice Of Your Right To A Hearing (notice of intent to levy) with respect to the taxable years 1991, 1992, 1994, and 1995.  On February 24, 1999, the Internal Revenue Service (IRS) received petitioners' February 22, 1999, Request for a Collection Due Process Hearing with respect to those years. On March 8, 1999, A.G. Wilson (Mr. Wilson), an Appeals officer, sent a letter to petitioners which states as follows:

        This case has been referred to our office.

        I will write or call you soon to arrange a mutually satisfactory date for a conference.

        If you need to contact me in the meantime, you may write me at the address below or call me at the telephone

number shown above.  Please enclose a copy of this letter with any written correspondence.

On April 15, 1999, Mr. Wilson held a telephone conference with Mr. Tilley in response to the request for a collection hearing.  Both parties discussed the issues in the request.  Mr. Wilson observed that there were four basic issues in petitioners' protest and went over those issues with Mr. Tilley at that time.  One issue discussed was a notice of intent to levy sent to Mrs. Tilley for years not applicable to her.  Mr. Wilson discovered this had been corrected and that an appropriate notice of intent to levy had been sent.  Another issue discussed during the telephone conference was the application of funds received by way of lien discharges and Mr. Wilson determined the funds had been properly applied.  Mr. Tilley argued that he was entitled to certain deductions and credits.  Mr. Wilson offered to send Mr. Tilley the transcripts of account.  Mr. Wilson observed that the Tax Court had decided petitioners' 1991 and 1992 years on the merits.  As to 1994 and 1995, Mr. Wilson noted that Mr. Tilley, who had not filed returns for those years, was sent notices of deficiency but did not file a petition with this Court.  The last issue Mr. Tilley and Mr. Wilson discussed during the telephone conference was that Mr. Tilley challenged the Federal income tax laws as being unconstitutional because they were capitation taxes.  Mr. Wilson advised Mr. Tilley that it was not the function of Appeals to decide such questions but that these were

matters for the courts.

During the telephone conference, Mr. Wilson asked Mr. Tilley if he wanted a face-to-face meeting. As Mr. Wilson testified: "I asked him at the beginning of the conference whether he wanted a face-to-face meeting. He said, Not at this time. And at the end of the conference, I asked him if he had any questions for me, and he did not ask for a person-to-person hearing at that time." Mr. Wilson also said: "Well, after I explained that if there were no other issues, I'd be issuing a determination letter, at which time he [Mr. Tilley] indicated it would be fine just to go ahead and send the transcripts with the determination letter instead of separately, or earlier."

It is obvious from the record that Mr. Tilley and the Appeals officer did in fact discuss the case over the telephone and that the Appeals officer heard and considered Mr. Tilley's arguments. In Katz v. Commissioner, 115 T.C. 329, 337-338 (2000), this Court held that where the taxpayer and the Appeals officer had a telephone conference about the taxpayer's arguments, the taxpayer had received an Appeals hearing as provided in section 6320(b) in the circumstances of that case.

On April 15, 1999, Mr. Wilson received another letter from Mr. Tilley dated March 31, 1999, which was a second request for a hearing. Mr. Tilley had sent this letter to a revenue officer who forwarded it to Mr. Wilson. As detailed above, a telephone

conference took place on April 15, 1999, the date the second request was received by Mr. Wilson. In a May 17, 1999, letter petitioners referred to the telephone conference with an Appeals Officer and, among other things, requested a person-to-person hearing. In a September 16, 1999, letter, petitioners acknowledged that, during a telephone conference Mr. Tilley initially agreed with an IRS official that a face-to-face hearing would not be necessary, but upon further reflection, petitioners later requested a person-to-person hearing in their May 17, 1999, letter.

On May 26, 1999, respondent issued two notices of determination, one to petitioners for the taxable years 1991 and 1992, and one to Mr. Tilley for the taxable years 1994 and 1995. Nothing in the notices of determination leads us to conclude that the determinations were invalid. We find that the notices of determination clearly embody the Appeals Officer's determinations that collections by way of levy may proceed. Thus, regardless of whether petitioners were given an appropriate hearing opportunity, there was a valid determination. We recently held that, in determining the validity of a notice of determination for jurisdictional purposes, we shall not look behind such a notice in order to ascertain whether the taxpayer was afforded an appropriate hearing with respondent's Appeals Office. Lunsford v. Commissioner, 117 T.C. 159, 164-165 (2001). Consistent with

our holding in <u>Lunsford</u>, we hold that the notices of determination issued to petitioners were valid.

Because the notices of determination were valid, we consider respondent's motion.  Petitioners acknowledge in their cross-motion to dismiss that a petition from a notice of determination must be filed within 30 days of such a determination.  The undisputed facts underlying respondent's motion and set forth above compel us to conclude that this petition was untimely under section 6330(d)(1) or 7502, and this case must be dismissed for that reason.

<u>An appropriate Order and Order of Dismissal will be entered</u>.