115 T.C. No. 26

UNITED STATES TAX COURT

SCOTT WILLIAM KATZ, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16718-99L.                    Filed October 13, 2000.

P received a notice of deficiency for his 1990 tax
year.  After P petitioned this Court to redetermine
that deficiency determination, the Court entered a
stipulated decision providing for a tax deficiency,
additions to tax, and statutory interest.  R
subsequently filed a lien, and P, in turn, requested an
Appeals hearing from R's Appeals Office pursuant to
sec. 6320(b), I.R.C.  P refused to appear at the
Appeals hearing on the grounds that the location of the
Appeals hearing was inconvenient to P and his
witnesses.  After an Appeals officer discussed the
collection matter with P via telephone, the Appeals
officer issued to P a notice of determination under
sec. 6330, I.R.C.  P subsequently petitioned this Court
to review the Appeals officer's determination under
sec. 6330, I.R.C.  R now moves for partial summary
judgment with regard to the tax deficiency, additions
to tax, and interest that are the subject of R's
collection activities.

Held:  P received an adequate opportunity for an Appeals hearing pursuant to sec. 6320(b), I.R.C.  In any event, the communications between the Appeals officer and P constituted an Appeals hearing under sec. 6320(b), I.R.C.

Held, further, P's challenge to the merits of R's assessment of the tax deficiency and additions to tax fails to state a claim on which relief can be granted.

Held, further, because the Court has jurisdiction under sec. 6404(i), I.R.C., over interest abatement cases, the Court has jurisdiction to review the Appeals officer's determination with regard to the interest that is the subject of R's collection activities. However, the Appeals officer did not abuse his discretion in making the determination.

Scott W. Katz, pro se.

Kenneth A. Hochman and John T. Lortie, for respondent.

OPINION

VASQUEZ, Judge:  Petitioner filed a petition in response to respondent's Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination).[1]  In his petition, petitioner alleges that the Internal Revenue Service Office of Appeals (Appeals Office) failed to hold a meaningful hearing as required by section 6320(b) (Appeals hearing).  Petitioner further challenges the merits of a tax deficiency and additions to tax previously

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

redetermined by the Court in a decision entered for his 1990 tax year, and interest assessed thereon. Respondent has moved for partial summary judgment on the grounds that petitioner has been afforded the opportunity for an Appeals hearing, that the tax deficiency and additions to tax are properly due, and that the interest has been properly calculated. There are no genuine issues of material fact to preclude us from deciding this matter.[2] We therefore decide the legal issues before us.

## Background

At the time the petition was filed, petitioner resided in West Palm Beach, Florida. For the sole purpose of deciding the motion for partial summary judgment, we summarize the relevant facts.[3]

On September 19, 1996, respondent issued a notice of deficiency with regard to petitioner's 1990 tax year. On October 2, 1996, petitioner filed a petition with this Court seeking a redetermination of the tax deficiency and additions to tax determined by respondent in the notice of deficiency (original tax dispute). On February 6, 1998, petitioner moved the U.S. Bankruptcy Court for the Southern District of Florida to reopen his 1990 bankruptcy case to settle the dispute with the

---

[2] For purposes of respondent's motion, petitioner does not dispute various factual allegations that are part of the record.

[3] The summarized facts, however, are not findings of fact for the instant case. See Rule 1(a); Fed. R. Civ. P. 52(a).

Commissioner regarding his "1990 income tax liability."  On March 10, 1998, the bankruptcy court denied the request, ruling that petitioner's "1990 tax liabilities were not discharged in * * * [the] bankruptcy case."  In re Katz, No. 90-39248-BKC-RAM (Bankr. S.D. Fla., Mar. 10, 1998).  On May 14, 1998, with regard to the original tax dispute, we entered a decision stipulated by the parties setting out the amounts of the tax deficiency and additions to tax and providing for statutory interest.[4]  See Katz v. Commissioner, Docket No. 21359-96 (May 14, 1998).  The amounts of the tax deficiency and additions to tax redetermined in the decision were much lower than the amounts set forth in the notice of deficiency.  Subsequently, respondent assessed the tax deficiency, additions to tax, and interest.

On February 23, 1999, respondent filed a Notice of Federal Tax Lien (lien filing) with regard to the amounts assessed for the 1990 tax year in the county recorder's office for Palm Beach County, Florida.  On February 27, 1999, respondent transmitted to petitioner a "Notice of Federal Tax Lien Filing and Your Right to a Hearing under IRC 6320".  On or about March 31, 1999, pursuant to section 6320(b), petitioner requested an Appeals hearing from respondent's Appeals Office.  In his request, petitioner contested the entire amount listed in the lien filing.

_____

[4]  The decision provided:  "It is further stipulated that interest will be assessed as provided by law on the deficiency and additions to tax due from the petitioner."

Petitioner contended that "any tax money allegedly owed for 1990" was discharged pursuant to his bankruptcy action and that (in any event) interest should not have accrued during the bankruptcy proceeding.

On May 24, 1999, an Appeals officer[5] assigned to the South Florida region mailed petitioner a letter scheduling petitioner's requested Appeals hearing for June 8, 1999, at an Appeals Office in Sunrise, Florida. The Appeals officer stated in the letter: "If you are unable to attend, let me know within the next 5 days, and I will arrange another time. Please try to keep this appointment, because conferences are not held in your area often, and special arrangements must be made." The Appeals officer explained that "an earlier conference may be possible if held in my office or conducted by telephone." The Appeals officer further explained to petitioner the procedures of the Appeals hearing:

> This conference will be informal. You may present facts, arguments, and legal authority to support your position. If you plan to introduce new evidence or information, send it to me at least 10 days before the conference. Statements of fact should be presented as affidavits or signed under penalties of perjury.

On that same day, independent of the letter drafted by the Appeals officer, petitioner mailed a letter to the Appeals officer reasserting his request for an Appeals hearing. In the

---

[5] The Appeals officer was based in Miami, Florida.

letter, petitioner requested that the Appeals hearing "take place in West Palm Beach, Florida since all of the witnesses live and work in West Palm Beach, Florida."

On June 7, 1999, after receiving the Appeals officer's letter dated May 24, 1999, petitioner again transmitted a letter to the Appeals officer requesting "that any and all hearings be held in West Palm Beach, Florida." Petitioner further stated that "all of my witnesses and people involved * * * [with regard to] the 1990 [tax year] are in West Palm Beach, Florida. In short, I will not attend the conference you set up on 6/8/99. * * * Again, please reset the matter for a conference in West Palm Beach, Florida. I cannot appear with my witnesses almost an hour away."

On June 21, 1999, petitioner and the Appeals officer had a telephone conversation in which they discussed petitioner's 1990 tax year. During the telephone conversation, the Appeals officer informed petitioner that Appeals hearings were not available in West Palm Beach, Florida, but rather were conducted in Sunrise, Florida. On June 23, 1999, the Appeals officer followed up the telephone conversation with a letter in which he stated that he saw "no basis for recommending abatement of the 1990 income tax liability." The Appeals officer also informed petitioner that he could (1) petition the Tax Court to review the lien filing following the issuance of a notice of determination by the

Appeals officer or (2) settle with the Internal Revenue Service (IRS).[6]  On September 28, 1999, following inaction by petitioner, the Appeals officer issued a notice of determination deciding "not to withdraw the Notice of Federal Tax Lien."[7]  In the notice of determination, the Appeals officer explained that petitioner's "tax was not dischargeable" pursuant to applicable bankruptcy law and that petitioner had "signed a stipulation waiving the restrictions prohibiting assessment and collection of the deficiency and additions to tax (plus statutory interest) for the taxable year 1990".

Petitioner, thereafter, petitioned this Court to review respondent's determination pursuant to section 6330.  In the petition, petitioner contends that (1) he has never received (or had the opportunity for) an Appeals hearing, (2) the Tax Court decision with regard to the tax deficiency and additions to tax should be vacated because of the previous bankruptcy action, and (3) respondent is not entitled to interest for the period during

---

[6]  The Appeals officer suggested to petitioner the following alternatives for settlement:

    1.   Full payment of the liability.
    2.   Enter into an installment agreement.
    3.   Submit an offer in compromise, [based on] doubt-as-to collectibility.

[7]  There are no indications in the record that after speaking with the Appeals officer, petitioner requested an Appeals hearing to be held at the Appeals Office in Sunrise, Florida.

which he was in bankruptcy proceedings.

## Discussion

Section 6321 provides that, if any person liable to pay any tax neglects or refuses to do so after demand, the amount shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person. Pursuant to section 6323, the Commissioner generally is required to file a Notice of Federal Tax Lien with the appropriate State office for the lien to be valid against certain third parties.

After the Commissioner conducts the lien filing, section 6320(a)(1) requires the Commissioner to provide notice to the taxpayer of the lien.[8] In addition, under section 6320(a)(3)(B) and (b), the Commissioner must provide the taxpayer with notice of and an opportunity for an administrative review of the lien filing; i.e., an Appeals hearing. Section 6320(b)(1) requires that the Appeals Office conduct the Appeals hearing. Section 6320(c) incorporates section 6330(c) and certain parts of section 6330(d), which describe the procedural rules that apply to the

_____

[8] In the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 685, 746-750, Congress enacted secs. 6320 (pertaining to liens) and 6330 (pertaining to levies) to provide new protections for taxpayers with regard to collection matters.

Appeals hearing and the judicial review thereof.[9]

At the Appeals hearing, the taxpayer may raise certain matters set forth in section 6330(c)(2), which provides in pertinent part as follows:

> SEC. 6330(c). Matters Considered at Hearing.--In the case of any hearing conducted under this section--
>
>     *    *    *    *    *    *    *
>
> (2) Issues at hearing.--
>
> > (A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--
> >
> > > (i) appropriate spousal defenses;
> > >
> > > (ii) challenges to the appropriateness of collection actions; and
> > >
> > > (iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.
> >
> > (B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

Pursuant to section 6330(d)(1), within 30 days of the issuance of

---

[9] Sec. 6330(a) and (b) provides taxpayers with notice and opportunity for an Appeals hearing before a levy is made.

the notice of determination, the taxpayer may appeal that determination to this Court if we have jurisdiction over the underlying tax liability.  If we do not have jurisdiction over the underlying tax liability, then the appeal is to be made to a U.S. District Court.  See sec. 6330(d)(1).

Appeals Hearing

Petitioner asserts that the Appeals officer did not afford petitioner an Appeals hearing as required under section 6320(b). Petitioner argues in his objection to respondent's motion for partial summary judgment that his request for an Appeals hearing was never honored, that he has never submitted a "Withdrawal of Request for Collection Due Process" form to the Appeals officer, and that "various telephonic conversations and/or letters to the Petitioner [by the Appeals officer] do not meet the requirements of Section 6320" for an Appeals hearing.  Petitioner therefore argues that respondent's motion should be denied.  Respondent disagrees and states that the Appeals officer afforded petitioner an opportunity to have an "in-person hearing" at the Appeals Office in Sunrise, Florida, which petitioner declined.

Section 6320(b) provides that if a taxpayer "requests a hearing under subsection (a)(3)(B), such hearing shall be held by the Internal Revenue Service Office of Appeals."  Section 6320 does not specify at what location the Appeals hearing needs to take place or whether it can occur via telephone.  Furthermore,

the legislative history to sections 6320 and 6330 does not address this issue. See H. Conf. Rept. 105-599, at 263-267 (1998).

Respondent asserts that for petitioner's geographic location, Appeals hearings are generally held at the Appeals Office in Sunrise, Florida. Petitioner does not dispute this claim. From petitioner's correspondence with the Appeals officer, we assume that petitioner's complaint is that under section 6320(b) he is entitled to an Appeals hearing in West Palm Beach, Florida, the location of his alleged witnesses and the place of his residence.

Because Congress has not specifically addressed the location for an Appeals hearing, we look to other tax contexts for guidance. In the examination context, Congress has stated that the time and place of an examination shall be such time and place as "may be fixed by the Secretary and as are reasonable under the circumstances." Sec. 7605(a). Under section 301.7605-1(d)(2), Proced. & Admin. Regs., the location of an office examination is based on the taxpayer's residence:

> (d) Place of examination-- * * *.
>
>     *    *    *    *    *    *    *
>
>     (2) Office examinations--(i) In general. * * * An office examination generally will take place at the closest Service office within the district encompassing the taxpayer's residence * * *. It generally is not reasonable for the Service to require a taxpayer to attend an examination at an office within an assigned

district other than the closest Service office.

> (ii) Exception. If the office within the assigned district closest to an individual taxpayer's residence * * * does not have an examination group or the appropriate personnel to conduct the examination, it generally is reasonable for the Service to require the taxpayer to attend an examination at the closest Service office within the assigned district that has an examination group or the appropriate personnel.

> (iii) Travel Considerations. In scheduling office examinations, the Service in appropriate circumstances will take into account the distance a taxpayer would have to travel.

In section 301.7605-1(e)(1), Proced. & Admin. Regs., the

Secretary further provides:

> The Service will consider, on a case-by-case basis, written requests by taxpayers or their representatives to change the place that the Service has set for an examination. In considering these requests, the Service will take into account the following factors–

> (i) The location of the taxpayer's current residence;

> (ii) The location of the taxpayer's current principal place of business;

> (iii) The location at which the taxpayer's books, records, and source documents are maintained;

> (iv) The location at which the Service can perform the examination most efficiently;

> (v) The Service resources available at the location to which the taxpayer has requested a transfer; and

> (vi) Other factors that indicate that conducting the examination at a particular location could pose

undue inconvenience to the taxpayer.[10]

The Treasury regulations in the examination context consider the distances taxpayers will have to travel to submit information to the IRS and attempt to provide taxpayers with venues at IRS offices near their homes. At the same time, the Treasury regulations recognize the limited resources of the IRS and, under certain circumstances, provide for alternate examination locations more favorable to the IRS if the IRS office closest to the taxpayer's home lacks the appropriate personnel to conduct the investigation. We conclude that a similar framework also applies in the context of an Appeals hearing under section 6320(b).[11]

From the record, it appears that the Appeals Office closest to the residence of petitioner is the Appeals Office in Sunrise, Florida. Petitioner has not alleged that there is an Appeals Office in West Palm Beach or one closer to his residence. Petitioner alleged in one of his letters to the Appeals officer only that he could not "appear with [his] witnesses" when the

---

[10] Sec. 301.7605-1(e)(2), Proced. & Admin. Regs., lists the circumstances in which the Internal Revenue Service (IRS) will normally permit transfers.

[11] Sec. 6330(b) (which is almost identical to sec. 6320(b)) allows a taxpayer to have an Appeals hearing with regard to a proposed levy. Because Appeals hearings pursuant to secs. 6320(b) and 6330(b) have the same function and scope, the framework we apply to an Appeals hearing under sec. 6320(b) also applies to an Appeals hearing under sec. 6330(b).

hearing location was "almost an hour away" from West Palm Beach. Petitioner did not, nor does he now, explain why commuting an hour would constitute an undue burden on petitioner or his witnesses. On the basis of the record, we cannot find support for petitioner's contention.

We also note that in Davis v. Commissioner, 115 T.C. ___ (2000), we recently addressed a taxpayer's claim that an Appeals officer failed to afford him an Appeals hearing as envisioned by Congress in section 6330. The taxpayer in that case argued that any meaningful hearing required "that he be able to subpoena witnesses and documents". Id. at ___ (slip op. at 8). We stated that the "nature of the administrative Appeals process does not include the taking of testimony under oath or the compulsory attendance of witnesses." Id. at ___ (slip op. at 11). We noted that hearings "at the Appeals level have historically been conducted in an informal setting" and that nothing in section 6330 or the legislative history indicated that Congress intended to alter this format.[12] Id. at ___ (slip op. at 10). Pursuant

---

[12] In Davis v. Commissioner, 115 T.C. ___, ___ (2000) (slip op. at 10), we looked at Treasury regulations dealing with the functions of the Appeals Office. We cited sec. 601.106(c), Statement of Procedural Rules, which provides:

> (c) Nature of proceedings before Appeals. Proceedings before the Appeals are informal. Testimony under oath is not taken, although matters alleged as facts may be required to be submitted in the form of affidavits, or declared to be true under the penalties
> (continued...)

to <u>Davis v. Commissioner</u>, <u>supra</u>, applicable Treasury regulations, and the historical function of the Appeals Office, petitioner did not have the right to examine witnesses under oath during the Appeals hearing.[13] <u>Davis v. Commissioner</u>, <u>supra</u>, undermines petitioner's argument that he was entitled to an Appeals hearing in West Palm Beach because traveling to Sunrise, Florida, for his Appeals hearing would impose a burden on his witnesses.

On the basis of the entire record and applicable law, we conclude that the Appeals officer has complied with the requirements of section 6320(b) by providing petitioner an opportunity for an Appeals hearing.

Because of petitioner's insistence on an Appeals hearing in West Palm Beach, Florida, the Appeals officer attempted to accommodate petitioner by offering to discuss his case over the telephone. From the record, we conclude that petitioner and the Appeals officer did in fact discuss his case over the telephone and that the Appeals officer heard and considered petitioner's arguments. We thus further conclude that, through the communications between petitioner and the Appeals officer in the instant case, petitioner received an Appeals hearing as provided for in section 6320(b).

_____

[12](...continued)
of perjury. * * *

[13] Petitioner, however, could have submitted facts in the form of affidavits or declarations under penalties of perjury.

The Court's Jurisdiction To Review Respondent's Collection Activities Is Based on Jurisdiction Over the Underlying Tax Liability

The Appeals officer made a determination that the lien should not be removed because the tax deficiency, additions to tax, and interest were properly due. By way of a timely filed petition, petitioner has invoked the jurisdiction of this Court to review the determination with regard to each of those amounts. The Court's jurisdiction to review an Appeals officer's determination that relief (to remove a lien) should be denied is set forth in section 6330(d)(1):

> SEC. 6330(d). Proceeding After Hearing.--
>
> (1) Judicial review of determination.--The person may, within 30 days of a determination under this section, appeal such determination--
>
> (A) to the Tax Court (and the Tax Court shall have jurisdiction to hear such matter); or
>
> (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.
>
> If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.

Therefore, in order to have jurisdiction over matters listed in a petition with regard to a notice of determination pursuant to section 6330, we must decide whether the "underlying tax liability" is of a type over which this Court normally has jurisdiction. See Moore v. Commissioner, 114 T.C. 171, 175 (2000).

Although the term "underlying tax liability" is defined in neither sections 6320 and 6330 nor the legislative history, Congress' intent in ensuring due process to taxpayers when the Commissioner seeks to collect taxes by liens or levies suggests that the term includes any amounts owed that are the subject of the Commissioner's collection activities.[14]  See H. Conf. Rept. 105-599, supra at 263-267.  We, therefore, interpret the term "underlying tax liability" in section 6330(d)(1) to include any amounts owed by a taxpayer pursuant to the tax laws.  In this case, the underlying tax liability includes the tax deficiency, additions to tax, and statutory interest.  We, therefore, must decide whether we have jurisdiction over the tax deficiency, additions to tax, and interest that are the subject of respondent's collection activities, in order to review the Appeals officer's determination pursuant to section 6330 (and petitioner's contentions) with regard to each of those amounts.

Review of Tax Deficiency and Additions to Tax

We generally have deficiency jurisdiction to redetermine deficiencies in income taxes and related additions to tax.  See secs. 6211, 6213(a), 6214(a); see also Goza v. Commissioner, 114 T.C. 176, 182 (2000); Moore v. Commissioner, supra at 175.  We, therefore, have jurisdiction to review the Appeals officer's determination in this case insofar as it relates to the assessed

---

[14]  References to "collection activities" are to the Commissioner's attempts to collect unpaid taxes through the filing of a lien or the making of a levy.

tax deficiency and additions to tax.

Pursuant to section 6330(c)(2)(A), a taxpayer may raise at the Appeals hearing any relevant issue with regard to the Commissioner's collection activities, including spousal defenses to collection, challenges to the appropriateness of the Commissioner's intended collection activities, and possible alternative means of collection. See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra at 180. If a taxpayer has been issued a notice of deficiency or had the opportunity to litigate the underlying tax liability, however, the taxpayer is precluded from challenging the existence or amount of the underlying tax liability. See sec. 6330(c)(2)(B); Sego v. Commissioner, supra at 609-611; Goza v. Commissioner, supra at 180-181, 183-184. Moreover, the taxpayer is precluded from relitigating issues raised and considered in any previous Appeals hearing or in any other administrative or judicial proceeding in which the taxpayer participated meaningfully. See sec. 6330(c)(4).[15]

As to the tax deficiency and additions to tax for 1990, petitioner's liability is established by the stipulated decision entered by this Court.[16] The bankruptcy court considered and

---

[15] Sec. 6330(c)(4), however, does not apply in certain limited circumstances. See sec. 6330(d)(2).

[16] The doctrine of res judicata, which applies to a stipulated decision, precludes relitigation of the issues involved in that tax litigation. See Cincinnati Transit Inc. v.

(continued...)

rejected his claim that his "income tax liability" for that year was discharged in his bankruptcy case. Petitioner does not seek relief as permitted under section 6330(c)(2)(A). He is thus precluded from challenging that liability in this proceeding and has, at the same time, failed to state a cognizable claim. See Goza v. Commissioner, supra at 183.

Review of Statutory Interest

Petitioner makes an additional contention (separate from the issues related to the tax deficiency and additions to tax) that he is not liable for the statutory interest. He in effect argues that we have jurisdiction to review the Appeals officer's determination with regard to the interest that is the subject of respondent's collection activities.

In Moore v. Commissioner, supra at 175, we interpreted section 6330(d)(1)(A) and (B) as not expanding the Court's jurisdiction beyond the types of taxes that the Court may normally consider (such as income, estate, and gift taxes). We concluded that because we did not have jurisdiction to redetermine Federal trust fund taxes determined by the Commissioner under section 6672, we did not have jurisdiction to review a determination made pursuant to section 6330 with regard to those taxes. See id.

---

[16](...continued)
Commissioner, 55 T.C. 879, 883-884 (1971); Krueger v. Commissioner, 48 T.C. 824, 829-830 (1967); Hamdan v. Commissioner, T.C. Memo. 2000-19.

Our jurisdiction to redetermine assessments of interest pursuant to section 6601 is limited. Section 7481(c) provides that if within 1 year after a decision becomes final, the taxpayer files a petition to redetermine interest, the Tax Court has overpayment jurisdiction with regard to the interest.[17] Further, section 6404(i) provides the Tax Court with jurisdiction to review the Commissioner's refusal to abate interest under section 6404.

In his request for an Appeals hearing, petitioner contended that interest should not have accrued during his bankruptcy case. Because we view petitioner's request as a request for an abatement of interest, we hold that we have jurisdiction to review the Appeals officer's determination with regard to the interest that is the subject of respondent's collection activities.

Under preamendment section 6404(e),[18] the Commissioner "may abate the assessment of interest on any payment of tax to the

---

[17] Sec. 7481(c)(2)(A)(ii), however, requires that the taxpayer have "paid the entire amount of the deficiency plus interest" for the Tax Court to have overpayment jurisdiction with regard to the interest.

[18] In 1996, sec. 6404(e) was amended under sec. 301 of the Taxpayer Bill of Rights 2, Pub. L. 104-168, 110 Stat. 1452, 1457 (1996), to permit the Secretary to abate interest with respect to an "unreasonable" error or delay resulting from "managerial" and ministerial acts. This amendment, however, applies to interest accruing with respect to deficiencies or payments for tax years beginning after July 30, 1996; therefore, the amendment is inapplicable to the case at bar. See Woodral v. Commissioner, 112 T.C. 19, 25 n.8 (1999).

extent that any error or delay in payment is attributable to an officer or employee of the IRS being erroneous or dilatory in performing a ministerial act." See <u>Lee v. Commissioner</u>, 113 T.C. 145, 148 (1999). A ministerial act, however, does not include "a decision concerning the proper application of federal tax law (or other federal or state law)". Sec. 301.6404-2(b)(2), Proced. & Admin. Regs.

Petitioner has not alleged a ministerial error within the meaning of section 6404(e). Furthermore, the evidence does not establish that respondent committed a ministerial error requiring an abatement of interest.

<u>Conclusion</u>

For the reasons explained above, petitioner's challenge to his liability for the tax deficiency and additions to tax fails to state a cognizable claim for relief. We hold that none of the other grounds upon which petitioner relies, as stated in his submissions to the Appeals officer, his petition to this Court, and his arguments in response to respondent's motion, constitutes a basis upon which we can find that the Appeals officer's determination was an abuse of discretion. Because respondent's motion for partial summary judgment covers all the remaining issues in the instant case, we treat it as a motion for full summary judgment, which we now grant.

To the extent not herein discussed, we have considered petitioner's other arguments and find them to be without merit.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.