T.C. Memo. 2001-181


UNITED STATES TAX COURT


SERVICE ENGINEERING TRUST, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

CHARLES W. AND LORAINE LEDFORD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 2021-00L, 2658-00L.    Filed July 20, 2001.


<u>Joyce Griggs</u>, for petitioners.

<u>Ross M. Greenberg</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


FOLEY, <u>Judge</u>:  The issue in this case is whether respondent has met the requirements of section 6320.  All section references are to the Internal Revenue Code as amended.

FINDINGS OF FACT

When the petitions were filed, the Ledfords operated Service Engineering Trust, an entity located in Colorado Springs, Colorado, where they resided. The assessments relate to 1993, 1994, and 1995 Federal income taxes.

On April 20, 1999, respondent issued a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (i.e., Letter 3172) to each petitioner. On May 19, 1999, petitioners filed Requests for a Collection Due Process Hearing (i.e., Form 12153) and contended that there was no "valid summary record of assessment". In letters dated November 17, 1999, respondent's Appeals officer enclosed the respective Certificate of Official Record and Certificate of Assessments and Payments (i.e., Form 4340) relating to each petitioner and advised petitioners to have their representative call him "on December 14, 1999 at 09:00 at 303 844-2203. This will be your opportunity for a hearing." In a letter dated November 24, 1999, petitioners' representative enclosed interrogatories directed to the assessment officer and wrote: "we are not disputing the taxes. We are questioning the existence or lack thereof of any assessment." On December 13, 1999, the Appeals officer left petitioners' representative a telephone message and sent him a letter reminding him that the "hearing is scheduled for December 14, 1999, at 09:00 a.m." On December 14, 1999, at approximately 1:10 p.m., petitioners'

representative called the Appeals officer.  Petitioners'
representative stated that he did not participate in the
scheduled hearing because he had not received responses to the
interrogatories.  On February 3, 2000, respondent issued Notices
of Determination Concerning Collection Action(s) Under Section
6320 and/or 6330, determining that his proposed collection
actions were to be sustained.  At trial, on January 8, 2001,
respondent moved for the imposition of a section 6673(a)(1)
penalty.

## OPINION

Section 6320(b)(1) provides that if a taxpayer requests a
hearing, "such hearing shall be held by the Internal Revenue
Service Office of Appeals."  Section 6320(c) provides that
section 6330 shall apply to the conduct and judicial review of
the hearing.  Section 6330(c)(2)(B) allows challenges to the
existence or amount of the underlying liability only if the
taxpayer did not receive a notice of deficiency or have an
opportunity to dispute the liability.

Section 6330(d) provides for Tax Court review of the
Commissioner's administrative determination.  Where the validity
of the underlying liability is properly at issue, the Court will
review the matter de novo.  Davis v. Commissioner, 115 T.C. 35,
39 (2000).  In cases where the validity of the liability is not
properly part of the appeal, the Court reviews the Commissioner's

administrative determination for abuse of discretion.  See id.;
see also Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Petitioners do not dispute the underlying liabilities but
contend that section 6330(c)(1) requires the production of Form
23 C.  This Court previously has addressed such a contention,
holding that "it was not an abuse of discretion for Appeals to
rely on a Form 4340 * * * for the purpose of complying with
section 6330(c)(1)."  Davis v. Commissioner, supra at 41.
Accordingly, respondent's administrative determination was not an
abuse of discretion.

Petitioners' representative stated that he did not
participate in the scheduled hearing because he had not received
responses to the interrogatories.  Cf. id. (stating that section
6330 does not provide authority to subpoena documents or
witnesses).  We conclude that petitioners acquiesced to the
telephone format, yet chose not to participate.  In Katz v.
Commissioner, 115 T.C. 329, 331-332 (2000), an Appeals officer
scheduled a hearing at an Appeals Office, and the taxpayer
refused to attend because the location was inconvenient.  We held
that the parties' subsequent telephone conversation, in which the
Appeals officer heard and considered the taxpayer's arguments,
met the requirements of a section 6320(b) hearing.  See id. at
337-338.  We have no evidence as to whether respondent offered to
hold a face-to-face hearing.  We note that, at trial, petitioners

stated that they were provided the opportunity for a hearing and do not challenge the adequacy of the scheduled hearing.  No further inquiry into the requirements of section 6320(b) is warranted in this case.

Respondent contends that petitioners' position is frivolous and instituted primarily for delay and that, pursuant to section 6673(a)(1), the Court should impose a penalty on petitioners. We conclude, however, that it is not appropriate to impose such a penalty in this case.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Appropriate orders and decisions will be entered</u>.