T.C. Memo. 2002-185


UNITED STATES TAX COURT


GARY GOUGLER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9049-01L.                    Filed July 31, 2002.


Gary Gougler, pro se.

<u>Russell K. Stewart</u>, for respondent.


MEMORANDUM OPINION


COHEN, <u>Judge</u>:  Respondent sent to petitioner a Notice of
Determination Concerning Collection Action(s) Under Section 6320
and/or 6330 with respect to petitioner's Federal income taxes for
1991 and 1992.  Petitioner contends that he did not receive a
refund that was due to him for 1986.  Unless otherwise indicated,

all section references are to the Internal Revenue Code in effect for the years in issue.

Petitioner resided in Robesonia, Pennsylvania, at the time that his petition was filed. In response to a notice of intent to levy for 1991 and 1992, petitioner requested a hearing under section 6330.

On May 8, 2001, an Appeals officer sent to petitioner a letter as follows:

> I scheduled the conference you requested on this case for * * * [June 13, 2001, 10 a.m.]. Please let me know within 10 days from the date of this letter whether this is convenient. If it is not, I will be glad to arrange another time.
>
> The conference will be informal. You may present facts, arguments, and legal authority to support your position. If you plan to introduce new evidence or information, send it to me at least 10 days before the conference. Statements of fact should be presented as affidavits or signed under penalties of perjury.
>
> You can authorize an attorney, certified public accountant, or person enrolled to practice before the Internal Revenue Service to represent you at the conference. Your authorization should be made on a Form 2848 (Power of Attorney and Declaration of Representative), Form 8821 (Tax Information Authorization and Declaration of Representative), or a similar document.
>
> I hope our conference will resolve your case. Call me if you have any questions or need additional information.

Petitioner did not appear at the time and place designated. The Appeals officer reviewed transcripts of petitioner's account and determined that requirements of applicable laws and

administrative procedures had been met and that the actions taken or proposed by the revenue officer were appropriate under the circumstances. The notice of determination, sent June 29, 2001, concluded:

> IRC sec. 6330 requires that the Appeals Officer consider whether any collection action balances the need for efficient collection of taxes with the legitimate concern that any collection action be no more intrusive than necessary. You did not appear at the hearing, nor contact me in any way, or present an acceptable alternative that is less intrusive than levy action. Therefore, Appeals has determined the levy action should be taken.

In his petition and at trial, petitioner attacked the credibility of the Appeals officer, arguing that he attempted to contact the Appeals officer with regard to the hearing. Petitioner argues that the hearing should not have been conducted at the Internal Revenue Service (IRS) office in Philadelphia, because petitioner lives 75 miles away, and that the hearing should have been conducted at a neutral place. Petitioner complains about computer-generated documents, forms not signed by individuals, and other alleged Government abuses. His main contention, however, is that the IRS "stole" $2,000 from him in 1989.

At the time of trial, petitioner presented a notice dated June 26, 1995, with respect to his tax liability for 1986, as support for his argument that he did not receive a refund that was due to him. The notice stated:

STATEMENT OF ACCOUNT

Account balance before this change

   Decrease in tax because of this change   $1,563.00CR
   Interest earned *                   180.74CR

   Amount to be refunded to you if
     you owe no other obligations      $1,743.74

     You may have already received this check.  If not, please allow 2 weeks for it to be mailed to you, unless there are other matters pending which could postpone your refund.

     This is a result of your correspondence of Feb. 16, 1995.

     * Interest earned must be reported as income on your next income tax return.

Petitioner also presented a handwritten letter from a tax examiner explaining application of the overpayment for 1986 as follows:

Dear Mr. Gougler:

This is in reference to our telephone conversation concerning the above tax account.  Our records show we have adjusted your 1986 account and the credit of $1,332.93 has been applied to your 1990 tax account. Therefore, there is no balance due for 1990 tax year. The remaining credit of $230.07 from 1986 has been applied to your 1991 tax account.  As of June 21, 1995 our records show a balance due of $1,375.79 for 1991 tax year, and $973.76 for the tax year 1992.  We are sorry for any inconvenience this may have caused.

At trial of this case, respondent presented transcripts of petitioner's accounts for 1991 and 1992.  The transcript for 1991 reflects application of a credit of $230.07 for an overpayment from 1986, as well as application of withholding tax credits.

The only substantive issue that petitioner raised in this proceeding is his entitlement to the refund for 1986. The records that he presented in support of his claim, however, reflect that the refund was applied to his outstanding liabilities. The transcripts that were presented by respondent are consistent with those records.

There may have been a missed communication between petitioner and the Appeals officer concerning the scheduled hearing. Petitioner's demand about the location of the hearing, however, was not reasonable. See Katz v. Commissioner, 115 T.C. 329 (2000). The Appeals officer's determination was based on the materials in petitioner's file and the transcripts of his account. See sec. 301.6330-(1)(d)(2), Q&A D7, Proced. & Admin. Regs. At trial, petitioner was unable to identify any materials submitted by him to the Appeals officer that were not duly considered or that would have affected the result in this case.

Under the circumstances, the absence of a face-to-face hearing has not affected petitioner's rights. The case may be decided on the present record. See Lunsford v. Commissioner, 117 T.C. 183, 189-190 (2001). We conclude that respondent's determination that levy action should proceed is not erroneous.

Decision will be entered

for respondent.