T.C. Memo. 2004-136

UNITED STATES TAX COURT

CHRISTINE WHITING, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15090-02L.          Filed June 10, 2004.

<u>William E. Taggart, Jr.</u>, for petitioner.

<u>Rebecca Duewer-Grenville</u>, for respondent.

MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  Pursuant to section 6330(d),[1] petitioner

seeks review of respondent's determination to proceed with the

_____

[1]All section references are to the Internal Revenue Code in
effect at all relevant times, and all Rule references are to the
Tax Court Rules of Practice and Procedure.

collection of petitioner's 1999 and 2000 Federal income tax liabilities.[2]

## Background

The parties submitted this case fully stipulated under Rule 122. We incorporate the stipulated facts and accompanying exhibits into our findings by this reference. Petitioner resided in Mill Valley, California, when she filed the petition.

For the taxable year 1990 through the taxable year 2000, petitioner failed to pay the amounts of tax shown as due on her returns. On February 10, 2002, respondent sent to petitioner a Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing for the taxable years 1990 through 2000. On or about March 11, 2002,[3] petitioner submitted Form 12153, Request for a Collection Due Process Hearing, requesting a hearing under section 6330 with respect to the taxable years 1990 through 2000. In pertinent part, petitioner's Form 12153 stated:

> The taxpayer has prepared, and is prepared to submit, an Offer-In-Compromise based on doubt as to liability, doubt as to collectability, and effective tax

---

[2]The parties agree that petitioner's income tax liabilities for the taxable years 1990 through 1998 were discharged in bankruptcy. Although the parties' briefs indicate disagreement as to whether the discharge order applied to petitioner's 1999 income tax liability, petitioner has not raised the issue before this Court.

[3]Although the parties stipulated that petitioner submitted her Form 12153 on Mar. 11, 2002, both the second page of petitioner's Form 12153 and petitioner's representative's signature on the first page are dated Mar. 12, 2002.

administration as soon as the taxpayer's request for a collection due process hearing is placed in the hands of a representative of the Internal Revenue Service who will consider the taxpayer's submission.

On July 11, 2002, petitioner's authorized representative, William Taggart, spoke on the telephone with Appeals Officer Gerry Melick. On August 13, 2002, Mr. Taggart and Appeals Officer Melick spoke on the telephone again. The record is silent as to the substance of these two telephone conversations. Neither Mr. Taggart nor petitioner had a face-to-face meeting with Appeals Officer Melick.

On August 23, 2002, the Appeals Office issued a "Notice of Determination Concerning Collection Action Under Section 6330" (notice of determination) in which it sustained the proposed levy action. In pertinent part, the notice of determination provided the following explanation:

> In Appeals, you were granted a due process hearing by an appeals officer who had no prior involvement with respect to the tax for the tax periods covered by the hearing.
>
> **Relevant issues presented by the taxpayer:** In your protest you state that an offer in compromise has been prepared and will be presented. However, an offer in compromise or other alternative to collection action is precluded by your chronic non-compliance.
>
> **Balancing efficient collection and intrusiveness:**
> * * * Because of your non-compliance and your failure to make any effort to pay or otherwise resolve the liabilities it is seen that levy action may well be the least intrusive means of collection to be in any way effective or efficient.

On September 23, 2002, petitioner filed a petition with this Court contesting respondent's determination for the taxable years 1990 through 2001.  On October 24, 2002, respondent filed a motion to dismiss for lack of jurisdiction and to strike as to the taxable year 2001.  This Court granted respondent's motion on January 3, 2003.  In her petition, petitioner alleged that the Appeals Office failed "to provide Petitioner with a [section 6330] hearing and an opportunity to present an Offer-in-Compromise * * * in violation of the Internal Revenue Code and denied Petitioner due process of law."

On November 22, 2002, petitioner filed a chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California (the bankruptcy court).  On February 18, 2003, the bankruptcy court entered an order discharging petitioner.  At the time of her bankruptcy discharge, petitioner had no assets.

## Discussion

Section 6330(a) provides that no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of the right to a hearing before the levy is made.  If the person makes a request for a hearing, a hearing shall be held by the Internal Revenue Service Office of Appeals.  Sec. 6330(b)(1).  At the hearing, a taxpayer may raise any relevant issue, including appropriate spousal

defenses; challenges to the appropriateness of the collection action; and collection alternatives, such as an offer in compromise. Sec. 6330(c)(2)(A). Additionally, at the hearing, a taxpayer may contest the existence and amount of the underlying tax liability if the taxpayer did not receive a notice of deficiency for the tax in question or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).

Following a hearing, the Appeals Office must make a determination whether the proposed levy action may proceed. In so doing, the Appeals Office is required to take into consideration the verification presented by the Secretary, the issues raised by the taxpayer, and whether the proposed levy action appropriately balances the need for efficient collection of taxes with the taxpayer's concerns regarding the intrusiveness of the proposed levy action. Sec. 6330(c)(3). The taxpayer may petition the Tax Court, or, in limited cases, a Federal District Court for judicial review of the Appeals Office's determination. Sec. 6330(d).

If the taxpayer files a timely petition for judicial review, the applicable standard of review depends on whether the underlying tax liability is at issue. Where the underlying tax liability is properly at issue, the Court reviews any determination regarding the underlying tax liability de novo.

Sego v. Commissioner, supra at 610.  The Court reviews other administrative determinations regarding the proposed levy action for abuse of discretion.  Id.

In the present case, the only issue that petitioner raises is that respondent failed to provide a section 6330 hearing to petitioner.  Petitioner does not challenge the existence of the underlying tax liability.  Accordingly, we review respondent's determination to proceed with the levy action for abuse of discretion.

Petitioner contends that it was an abuse of discretion for respondent to treat the two telephone conversations between Mr. Taggart and Appeals Officer Melick as a section 6330 hearing.  By failing to provide a section 6330 hearing, petitioner argues, respondent prevented petitioner from presenting the factual information and documentation that she had proposed to submit in support of her offer in compromise.  Petitioner further asserts that, because respondent did not consider petitioner's factual information and documentation, respondent lacked a sufficient basis for determining that the levy action could proceed.

In response, respondent contends that telephone conferences are an acceptable format for section 6330 hearings and that the two telephone conversations between Mr. Taggart and Appeals Officer Melick qualified as a section 6330 hearing.  According to respondent, during the telephone conversations, Mr. Taggart and

Appeals Officer Melick "discussed the substance of Petitioner's case". Petitioner had the opportunity to submit an offer in compromise or other documentation, respondent argues, but petitioner chose not to avail herself of that opportunity. Respondent also points out that hearings cannot continue indefinitely and that the Appeals office must be able to deal effectively with "nonresponsive taxpayers".

In Katz v. Commissioner, 115 T.C. 329, 338 (2000), we held that the oral and written communications between the taxpayer and the Appeals officer constituted a section 6320(b) hearing.[4] After the Commissioner received the taxpayer's request for a hearing, the Commissioner sent the taxpayer a letter setting a date for the hearing. When the taxpayer insisted that the location of the hearing was unacceptable, the Appeals officer held a telephone conference with the taxpayer during which they discussed the taxable year at issue. Thereafter, the Appeals officer sent to the taxpayer a letter stating that the Appeals Office was not inclined to withdraw the notice of Federal tax lien. The taxpayer did not respond, and, approximately 3 months later, the Appeals Office issued a notice of determination. We concluded that the telephone conference was the Appeals officer's attempt to accommodate the taxpayer, that the taxpayer and the

---

[4]Although sec. 6320(b) applies to hearings for Federal tax lien filings, we extended our holding to sec. 6330 hearings. See Katz v. Commissioner, 115 T.C. 329, 336 n.11 (2000).

Appeals officer "did in fact discuss his case over the telephone and that the Appeals officer heard and considered * * * [the taxpayer's] arguments."  Id. at 337-338; see also sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs.

In the present case, petitioner has not established that respondent abused his discretion in determining that the two telephone conversations between Mr. Taggart and Appeals Officer Melick constituted a section 6330 hearing.  Petitioner offered no evidence with respect to the content of the two telephone conversations.[5]  Without such evidence, we have no basis upon which to conclude that respondent improperly characterized the two telephone conversations as a section 6330 hearing.[6]

Petitioner bases her arguments in this case solely on her belief that she was not afforded the hearing that section 6330 requires.  Petitioner does not address what may be the critical element of respondent's determination.  Respondent determined that "an offer in compromise or other alternative to collection

_____

[5]In this fully stipulated case, the parties did not stipulate regarding the content of the two telephone conversations.  Although both parties argued on brief regarding the circumstances of the two telephone conversations, and respondent argued that the parties "discussed the substance of petitioner's case", the parties did not provide the Court with any evidence.

[6]The record in this case is silent regarding the circumstances surrounding the two telephone calls, and we cannot conclude that respondent abused his discretion regarding the determination that a hearing was held without some proof to the contrary.

action is precluded by [petitioner's] chronic non-compliance."
We understand respondent's determination to mean that
petitioner's extensive history of noncompliance with the tax law
disqualifies her from eligibility for an offer in compromise or
other collection alternative.  Petitioner offers us no evidence
and no argument regarding this critical part of respondent's
determination.  Even if petitioner had raised the issue, however,
we simply cannot ascertain from the record that respondent's
determination regarding petitioner's eligibility for an offer in
compromise was an abuse of discretion under the circumstances of
this case.

We have considered the remaining arguments of both parties
for results contrary to those expressed herein and, to the extent
not discussed above, find those arguments to be irrelevant, moot,
or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent.</u>