T.C. Memo. 2004-226

UNITED STATES TAX COURT

LEONARD O. PARKER, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4053-03L.　　　　Filed October 6, 2004.

Leonard O. Parker, Jr., pro se.

<u>Hieu C. Nguyen</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:　Petitioner lived in New Orleans, Louisiana,
when he filed an offer in compromise relating to his 1992-94 tax
years.　Respondent's Taxpayer Advocate's Office asked respondent
to place a 45-day hold on collection for those years.　On
February 12, 2003, respondent sent petitioner a Notice of
Determination Concerning Collection Action(s) Under Section 6320

and/or 6330[1] in which respondent determined the filing of a tax lien relating to those tax years was appropriate.

Petitioner timely requested a hearing under section 6320(b). Respondent informed petitioner by letter that respondent had scheduled a conference at respondent's Appeals Office in Jackson, Mississippi, to be held 8 days after the date respondent sent the letter. In the letter, respondent requested that petitioner provide, not later than 3 days after the date respondent sent the letter, any documents he wished to have considered at that conference. Jackson, Mississippi, is about 180 miles from New Orleans. Respondent has an Appeals Office in New Orleans but did not schedule the conference there.

The sole issue for decision is whether respondent was required to provide petitioner an opportunity for a hearing at the Appeals Office closest to petitioner's residence. We hold that respondent was. See Katz v. Commissioner, 115 T.C. 329, 335-336 (2000); sec. 301.6320-1(d)(2), Q&A-D7, Proced. & Admin. Regs. We will remand this case to respondent with instructions to comply with this requirement.

FINDINGS OF FACT

Some of the facts are stipulated and are so found.

_____

[1] Section references are to the Internal Revenue Code in effect during the relevant years.

Petitioner resided in Torrance, California, when he filed the petition.

A.   Petitioner's 1992-94 Tax Returns

Petitioner filed tax returns for 1992-94 in which he reported income of $37,353 for 1992, $12,265 for 1993, and $8,123 for 1994.  Petitioner paid no tax for those years except for $156 that he paid with his 1994 return.  Respondent assessed the tax reported on petitioner's returns for those years.

B.   Filing of the Notice of Federal Tax Lien and the Hold Placed on Collection Actions by the Taxpayer Advocate

In 1999, petitioner filed a Form 656, Offer in Compromise, for 1992-94 and a request to abate interest and penalties with respect to 1992-94 with respondent's New Orleans, Louisiana, Taxpayer Advocate's Office.  Petitioner submitted another offer in compromise and request to abate interest and penalties after respondent lost his first one.

On March 21, 2001, respondent's Automated Collection Service (ACS) requested that a notice of Federal tax lien be filed relating to petitioner's 1992-94 tax years.  On March 29, 2001, an employee in respondent's office in New Orleans prepared and signed a notice of Federal tax lien for petitioner's 1992-94 tax years.  On April 5, 2001, respondent filed with the Orleans Parish Recorder's Office a notice of Federal tax lien relating to petitioner's tax liabilities for tax years 1992-94.  Also on that day, Ms. Claudis M. Holmes (Holmes), an employee of respondent's

New Orleans Taxpayer Advocate's Office, told petitioner that a 45-day hold would be placed on all collection actions relating to petitioner's 1992-94 tax liabilities pending her resolution of petitioner's concerns. Holmes called respondent's ACS office on April 5, 2001, to request that ACS delay collection. On April 11, 2001, respondent sent petitioner a notice that the Federal tax lien relating to petitioner's income tax liabilities for tax years 1992-94 had been filed. The lien was recorded on April 17, 2001.

C.    Petitioner's Request for a Hearing

On May 13, 2001, petitioner timely filed a Form 12153, Request for a Collection Due Process Hearing. Form 12153 directs taxpayers who receive a Notice of Federal Tax Lien Filing & Your Right To A Hearing Under IRC 6320 to "Use this form to request a hearing with the IRS Office of Appeals". Petitioner's request contained his New Orleans address and telephone number. In his hearing request, he alleged that the notice of tax lien filing was untimely, that an offer in compromise was pending, and that the Taxpayer Advocate had placed a hold on collection.

Petitioner became a permanent resident of Southern California later in 2001.[2]

---

[2] This finding is based on the trial record, rather than the administrative record. We are not limited to review of the administrative record in deciding cases brought under sec. 6330. Robinette v. Commissioner, 123 T.C. 85, 95 (2004) (Court reviewed).

Appeals Officer Suzanne L. Magee (Magee) sent a letter dated March 19, 2002, to petitioner's New Orleans address, informing petitioner that she had scheduled a conference on March 27, 2002 (i.e., 8 days after she sent the letter), in respondent's Jackson, Mississippi, Appeals Office. Jackson, Mississippi, is about 180 miles from New Orleans. Magee wrote in part:

> I have scheduled the conference you requested on this case for the date and time shown above. Please let me know within 5 days from the date of this letter whether this is convenient. If you wish to discuss this by telephone rather than coming to my office, please notify me at the above number.
>
> Our meeting will be informal and you may present facts, arguments, and legal authority to support your position. If you plan to present or discuss new material, please send me copies at least five days before our meeting. You should prepare statements of fact as affidavits, or sign them under penalties of perjury.

Assuming normal time for mail delivery, Magee's schedule gave petitioner little or no time to submit materials. Magee requested that petitioner provide any documents to be considered at the hearing in Jackson not later than 3 days after the date Magee sent the letter. Magee did not tell petitioner (nor did petitioner realize) that the proposed conference was the hearing under section 6320(b) petitioner had requested when he submitted the Form 12153.

Petitioner received Magee's March 19, 2002, letter on March 25, 2002, 2 days before the date Magee had chosen for the conference. Also on March 25, 2002, petitioner faxed a response

to Magee stating that he was unable to attend or adequately prepare for the conference in Jackson, and that Magee's deadline for sending affidavits and documents in advance of the conference had already passed.  He stated that he "will be available for the conference via telephone", but he did not waive his right under section 301.6320-1(d)(2), Q&A-D7, Proced. & Admin. Regs., to have a hearing at respondent's office.

D.   The March 27, 2002, Telephone Call and Events Leading to Respondent's Determination

Petitioner and Magee spoke by telephone on March 27, 2002. During the telephone call, petitioner said, inter alia, that the notice of Federal tax lien had been filed prematurely and that the Taxpayer Advocate's Office had placed a hold on collection actions.

Petitioner wrote letters and sent faxes to Magee and other employees of respondent between March 27 and May 2, 2002. Petitioner asked that respondent provide him with copies of respondent's records relating to his offers in compromise, requests for abatement of interest and penalties, and requests for assistance from the Taxpayer Advocate's Office, and he told Magee that the amount that respondent sought to collect for 1992-94 was incorrect because respondent had not applied a credit from a later year to those years.

E.   Respondent's Notice of Determination

On February 12, 2003, respondent issued to petitioner a Notice of Determination Concerning Collection Action(s) in which respondent determined that the filing of the tax lien for 1992-94 was appropriate.

Petitioner timely filed a petition.  In the petition, petitioner disputed the underlying tax liabilities for 1992 and 1994 on the grounds that respondent had not applied a credit from a later year to those years and contended that respondent recorded the tax lien despite the fact that the Taxpayer Advocate had placed a 45-day hold on collection 12 days earlier.[3]

OPINION

1.   Respondent's Contentions

Respondent contends that (a) respondent was not required to provide petitioner an opportunity for a hearing at the Appeals Office closest to petitioner's residence, and (b) petitioner waived any right to a hearing because petitioner had a telephone conference with Magee in lieu of attending the conference at Jackson, Mississippi.

---

[3] Congress contemplated the withdrawal of a Federal tax lien in appropriate circumstances, such as after the involvement of the Taxpayer Advocate.  See sec. 6323(j)(1)(D).

2.   <u>Whether Respondent Was Required To Offer a Hearing in
     Respondent's Appeals Office Closest to Petitioner's
     Residence</u>

Respondent contends that, in the Form 12153, petitioner did not request a hearing at one of respondent's Appeals Offices.  We disagree.  The fact that Magee offered petitioner an opportunity for a conference at one of respondent's Appeals Offices suggests that respondent believed (as did petitioner) that petitioner had requested a hearing at respondent's Appeals Office.  If we sustain respondent's contention that a request for a hearing on Form 12153 is not a request for a hearing at an Appeals Office, Form 12153 would become a trap for the unwary because there is nothing on Form 12153 informing taxpayers of their right under section 6320 and the accompanying regulations to request a hearing at an Appeals Office.

Respondent contends that respondent is not required to provide a hearing at one of respondent's Appeals Offices.  Respondent cites section 301.6320-1(d)(2), Q&A-D6, Proced. & Admin. Regs.[4]  Respondent, however, overlooks section 301.6320-

---

[4]  Sec. 301.6320-1(d)(2), Q&A-D6, Proced. & Admin. Regs., provides:

> CDP hearings are * * * informal in nature and do not require the Appeals officer or employee and the taxpayer, or the taxpayer's representative, to hold a face-to-face meeting.  A CDP hearing may, but is not required to, consist of a face-to-face meeting, one or more written or oral communications between an Appeals officer or employee and the taxpayer or the taxpayer's

(continued...)

1(d)(2), Q&A-D7, Proced. & Admin. Regs., which provides that, if a taxpayer receives notice that a lien or levy has been filed and requests a hearing at respondent's Appeals Office, the taxpayer must be offered an opportunity for a hearing at the Appeals Office closest to the taxpayer's residence.  See Katz v. Commissioner, 115 T.C. at 335-336; sec. 301.6320-1(d)(2), Q&A-D7, Proced. & Admin. Regs.

We conclude that petitioner requested a hearing by filing Form 12153.  Respondent was required to provide him with an opportunity for a hearing at the Appeals Office closest to his residence.  Katz v. Commissioner, supra; sec. 301.6320-1(d)(2), Q&A-D7, Proced. & Admin. Regs.[5]

3.  Whether Petitioner Was Provided an Opportunity for a Hearing at the Appeals Office Closest to His Residence

Petitioner lived in New Orleans when he requested a hearing under section 6320(b).  Respondent had an Appeals Office in New Orleans at all times relevant to this case.  Respondent did not

---

[4](...continued)
representative, or some combination thereof. * * *

[5]  Sec. 301.6320-1(d)(2), Q&A-D7, Proced. & Admin. Regs., provides:

Q-D7.  If a taxpayer wants a face-to-face CDP hearing, where will it be held?

A-D7.  The taxpayer must be offered an opportunity for a hearing at the Appeals Office closest to taxpayer's residence * * *

provide petitioner an opportunity for a hearing at the Appeals Office closest to his residence.

4.  <u>Whether Petitioner Waived His Right to a Hearing at Respondent's Appeals Office</u>

Respondent contends that petitioner waived his right to a hearing at respondent's Appeals Office by agreeing to hold a telephone conference and by failing to specifically request that the hearing be at the Appeals Office.  We disagree.  Petitioner did not explicitly or implicitly waive his right to a hearing at respondent's Appeals Office.

In appropriate circumstances, we may remand a case to the Appeals Office for further investigation and consideration of the taxpayer's contentions.  See <u>Lunsford v. Commissioner</u>, 117 T.C. 183, 189 (2001).  We will remand this case with instructions to respondent to offer petitioner a hearing at the Appeals Office closest to petitioner's current residence in Southern California.

To reflect the foregoing,

<u>An appropriate</u>

<u>order will be issued</u>.