T.C. Memo. 2005-78

UNITED STATES TAX COURT

BEATRICE GOBLIRSCH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14659-02L.          Filed April 7, 2005.

Beatrice Goblirsch, pro se.

<u>Rebecca Duewer-Grenville</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  Petitioner filed a petition in response to respondent's Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) for 1995.[1]  The issues for decision are whether

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

petitioner is liable for income tax on the gain from sale of her residence in 1995 and whether petitioner is entitled to have interest abated on her tax liability.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Tokyo, Japan, at the time she filed her petition.

Petitioner sold her residence in Modesto, California, on April 18, 1995. Petitioner did not make a payment of tax related to the sale of her residence with her 1995 Federal income tax return. Petitioner attached to her return a Form 2119, Sale of Your Home, on which she reported a gain on the sale of $126,097. Petitioner also indicated on the Form 2119 that she intended to replace her home within the "replacement period".

Petitioner moved to Japan and has lived there continuously since April 5, 1997.

On May 12, 2000, petitioner went to respondent's Modesto, California, office and spoke with Group Manager Timothy Herrera. Mr. Herrera told petitioner that she should pay the tax liability for the 1995 sale of her residence. Petitioner paid respondent $32,060[2] for the tax liability related to the sale of her residence.

---

[2] All amounts are rounded to the nearest dollar.

On June 26, 2000, respondent sent petitioner a Notice of Tax Due on Federal Tax Return for the 1995 taxable year. The notice stated that petitioner owed $13,577 of interest and credited petitioner with the $32,060 payment that satisfied her additional tax.

On November 28, 2001, respondent sent petitioner a notice of intent to levy for the 1995 taxable year. On December 14, 2001, petitioner filed a request for a collection due process hearing for the 1995 taxable year.

At petitioner's request, a hearing was conducted via correspondence. On August 19, 2002, respondent sent petitioner the notice of determination sustaining respondent's right to levy in connection with petitioner's 1995 tax liability.

Petitioner had not purchased a replacement residence as of the date of trial, May 17, 2004.

Discussion

Standard of Review for Underlying Liability

Petitioner did not receive a statutory notice of deficiency for 1995. Respondent ultimately assessed petitioner's 1995 tax on the basis of petitioner's discussion with and payment to Mr. Herrera. Petitioner raised the issue of her underlying liability for 1995 in the correspondence hearing. Accordingly,

petitioner's underlying liability for 1995 is properly before the Court, and we review that issue de novo. See Montgomery v. Commissioner, 122 T.C. 1 (2004).

1995 Residence Sale

Section 61(a)(3) provides that a taxpayer must include in gross income gains derived from dealings in property. Section 1001(c) generally requires a taxpayer to recognize the entire amount of gain or loss realized on the sale or exchange of property. Section 1034 provides an exception to this general rule and allows a taxpayer to defer recognition of all or part of any gain realized on the sale of a principal residence if other property is purchased and used by the taxpayer as a new principal residence within the period beginning 2 years before the date of the sale and ending 2 years after that date (the replacement period). Under section 1034(a), gain is recognized only to the extent that the adjusted sale price of the old property exceeds the cost of purchasing the new property.

The running of the period of time to purchase a replacement residence is suspended for the period during which the taxpayer has a "tax home" outside the United States, except that the replacement period cannot extend beyond 4 years after the date of the sale of the old residence. Sec. 1034(k). The term "tax home" means with respect to any individual, the individual's home for purposes of section 162(a)(2). Sec. 911(d)(3).

Petitioner sold her residence on April 18, 1995, and has lived in Tokyo, Japan, continuously since April 5, 1997. Petitioner indicated on her Form 2119 that she intended to replace her home within the replacement period. The replacement period was suspended for the maximum of 4 years because petitioner had a tax home outside the United States during that time. The replacement period thus ended on April 18, 1999. Petitioner had not replaced her home as of the date of trial, May 17, 2004. Therefore, petitioner did not replace her residence within the replacement period and is liable for the capital gains tax on the 1995 residence sale as calculated by Mr. Herrera and paid on May 12, 2000.

Petitioner alleges that an employee of respondent's in Tokyo, Japan, gave her incorrect advice about the termination date of the replacement period related to the 1995 residence sale. Petitioner testified that she consulted the employee "probably around June 15 [1999]." We note that according to petitioner's testimony, her contact with the employee was 2 months after the expiration of the replacement period.

Interest Abatement

Section 6404(e)(1) provides, in pertinent part, that the Commissioner may abate the assessment of interest on any deficiency attributable to any error or delay by an officer or employee of the Internal Revenue Service (IRS) (acting in his

official capacity) in performing a ministerial act.[3]  Woodral v.
Commissioner, 112 T.C. 19, 24-25 (1999).  Section
301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg.
30163 (Aug. 13, 1987), provides in part:

> The term "ministerial act" means a procedural or
> mechanical act that does not involve the exercise of
> judgment or discretion, and that occurs during the
> processing of a taxpayer's case after all prerequisites
> to the act, such as conferences and review by
> supervisors, have taken place.  A decision concerning
> the proper application of federal tax law (or other
> federal or state law) is not a ministerial act.

See also Lee v. Commissioner, 113 T.C. 145 (1999); Donovan v.
Commissioner, T.C. Memo. 2000-220.

This Court may order abatement where the Commissioner abuses
his discretion by failing to abate interest.  Sec. 6404(h)(1).[4]
In order to prevail, a taxpayer must prove that the Commissioner

---

[3]  The Taxpayer Bill of Rights 2 (TBOR 2), Pub. L. 104-168, sec. 301(a), 110 Stat. 1457 (1996), amended sec. 6404(e) to permit abatement of interest for "unreasonable" error and delay in the performance of a "ministerial or managerial" act.  The amendments to sec. 6404(e) apply to interest accruing with respect to deficiencies or payments for taxable years beginning after July 30, 1996.  See TBOR 2 sec. 301(c), 110 Stat. 1457. Thus, the amendments do not apply to the instant case.  See Woodral v. Commissioner, 112 T.C. 19, 25 n.8 (1999).

[4]  Sec. 6404(h) was formerly designated sec. 6404(i), and before that sec. 6404(g).  Sec. 6404(h) is applicable to requests for abatement after July 30, 1996.  We have jurisdiction over petitioner's request for abatement of interest because her request was made as part of a sec. 6330 proceeding.  See Katz v. Commissioner, 115 T.C. 329, 340-341 (2000).

exercised this discretion arbitrarily, capriciously, or without sound basis in fact or law.  Woodral v. Commissioner, supra at 23.

Petitioner does not allege that the interest resulting from the 1995 residence sale is attributable to any error or delay by an officer or employee of the IRS in performing a ministerial act.  Therefore, respondent did not abuse his discretion by failing to abate interest.

To reflect the foregoing,

Decision will be entered for respondent.