T.C. Memo. 2003-252

UNITED STATES TAX COURT

LANCE A. MCLEE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10572-02L.                    Filed August 20, 2003.

Lance A. McLee, pro se.

Veena Luthra, for respondent.

MEMORANDUM OPINION

CHIECHI, Judge:  This case is before the Court on respondent's motion for summary judgment (respondent's motion).[1]   We shall grant respondent's motion.

---

[1]Although the Court ordered petitioner to file a response to respondent's motion, petitioner failed to do so.

## Background

The record establishes and/or the parties do not dispute the following.

Petitioner resided in Chesapeake, Virginia, at the time he filed the petition in this case.

On June 18, 2000, petitioner filed a Federal income tax (tax) return for his taxable year 1997 (return). In that return, petitioner showed total income of $41,914 consisting of Schedule C net profit, total tax of $11,727, tax due of $8,487, and an estimated tax penalty of $413. When petitioner filed his return, he did not pay the tax due shown in his 1997 return.

On July 17, 2000, respondent assessed petitioner's tax, as well as additions to tax and interest provided by law, for his taxable year 1997.[2] (We shall refer to those assessed amounts, as well as interest as provided by law accrued after July 17, 2000, as petitioner's unpaid liability for 1997.)

Respondent issued to petitioner the notice and demand for payment required by section 6303(a) with respect to petitioner's unpaid liability for 1997.

On June 28, 2001, respondent issued to petitioner a final notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to petitioner's unpaid

---

[2]Respondent assessed petitioner's tax after correcting the total tax shown in petitioner's return for mathematical or computational errors.

liability for 1997.

On or about July 12, 2001, in response to the notice of intent to levy, petitioner filed Form 12153, Request for a Collection Due Process Hearing (Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office). In Form 12153 that petitioner filed with respondent, petitioner stated only: "I believe it to be a big mistake. Need time to obtain documents and information from my IMF."

On October 16, 2001, the Appeals Office sent petitioner a letter notifying him that it had received petitioner's Form 12153 and that it would be contacting him about an Appeals Office hearing.

On March 14, 2002, respondent's Appeals officer (Appeals officer) called petitioner to discuss petitioner's case (March 14, 2002 telephone call). During that call, petitioner told the Appeals officer that he had retained JK Harris to represent him with respect to his Appeals Office hearing. The Appeals officer requested in the March 14, 2002 telephone call that petitioner submit to him Form 2848, Power of Attorney (Form 2848), authorizing JK Harris to represent petitioner with respect to his Appeals Office hearing. The Appeals officer further indicated in the March 14, 2002 telephone call that, before the Appeals Office could consider any collection alternatives with respect to petitioner's unpaid liability for 1997, petitioner must file tax

returns for his taxable years 1996, 1999, and 2000 (petitioner's unfiled returns) and provide the Appeals officer with copies of such returns after filing them.

On March 14, 2002, the Appeals officer sent petitioner a letter (March 14, 2002 letter) confirming the discussion that he had had with petitioner during the March 14, 2002 telephone call. In the March 14, 2002 letter, the Appeals officer asked petitioner to answer the following questions:

> 1) What law or administrative procedure has the Service not followed?
>
> 2) What IRS actions do you not agree with? Provide specific reasons and documentation why you do not agree.
>
> 3) What specific alternatives are you proposing to resolve the tax liabilities.

On April 2, 2002, the Appeals officer telephoned petitioner (April 2, 2002 telephone call) because the Appeals officer had not received petitioner's Form 2848 authorizing JK Harris to represent him. During the April 2, 2002 telephone call, petitioner advised the Appeals officer that he would send that form to the Appeals officer and that he would file petitioner's unfiled returns.

On April 11, 2002, the Appeals officer telephoned petitioner (April 11, 2002 telephone call) but was unable to reach him. The Appeals officer left petitioner a message indicating that he had still not received petitioner's Form 2848 authorizing JK

Harris to represent him.  On May 10, 2002, the Appeals officer
again telephoned petitioner (May 10, 2002 telephone call) but was
unable to reach him.  The Appeals officer left petitioner another
message requesting petitioner to telephone him.  Petitioner did
not respond to the April 11, 2002 telephone call or the May 10,
2002 telephone call.

On May 22, 2002, the Appeals Office mailed to petitioner a
notice of determination concerning collection action(s) under
[section] 6330[3] (notice of determination).  The notice of deter-
mination stated in pertinent part:

**Summary of Determination**

!    Your request for a Collection Due Process
     (CDP) hearing was timely filed; accordingly,
     you were entitled to a CDP Hearing,

!    You failed to prosecute or pursue your re-
     quest for a hearing,

!    You stated in your request that you signed
     July 11, 2001, that you need time to obtain
     documents and information, you have had sub-
     stantial time for this, but have not provided
     anything,

!    A viable collection alternative is not viable
     as you have not responded and are not current
     in filing delinquent returns,

!    Since you have not responded, the proposed
     levy action balances the efficient collection
     of taxes with the taxpayer's legitimate con-
     cern that the collection action be no more

---

[3]All section references are to the Internal Revenue Code in
effect at all relevant times.  All Rule references are to the Tax
Court Rules of Practice and Procedure.

intrusive than necessary.

An attachment to the notice of determination stated in pertinent part:

### I. Applicable Law and Administrative Procedures.

On June 28, 2001, the Internal Revenue Service mailed a Letter 11, FINAL NOTICE - NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING, concerning unpaid Form 1040 for the periods [sic] ending December 31, 1997.  In response to our letter you submitted Form 12153, received on July 17, 2001 requesting a Collection Due Process Hearing.

    *        *        *        *        *        *        *

    * * * Review of transcripts have confirmed the tax was assessed, and notice and demand was mailed to the taxpayer at his last known address, and there is still a balance due.

    *        *        *        *        *        *        *

    * * * The record shows that such a notice was mailed to you via certified mail, return receipt requested, on June 28, 2001.

    *        *        *        *        *        *        *

    * * * The Appeals Officer assigned to hear your case has had no prior involvement with respect to any of your tax liabilities.

    *        *        *        *        *        *        *

    * * * You filed a timely protest and were provided ample time and opportunity to schedule a face-to-face, telephonic or correspondence hearing with the Appeals officer, and to raise any relevant issues at such a hearing.  You declined to schedule a hearing, notwithstanding the fact that a letter was sent to you on October 16, 2001 at the address shown on your hearing request and a second letter was sent to you on March 14, 2002 at the address shown on IRS records, confirmed by you by phone on March 14, 2002.  Other calls were

also made, and messages left to which you did not respond. 1996, 1999, 2000 and 2001 have still not been filed.

This Appeal Officer has had no prior involvement with respect to these liabilities.  Our determination in this matter is based on the information available to us in the administrative file.

We find that all legal and procedural requirements for the proposed levy have been satisfied.

## II. Relevant Issues Presented by the Taxpayer.

**Challenges to the Existence or Amount of the Liability.** Your request states "I believe it to be a big mistake. Need time to obtain documents."  This was July 11, 2001, you should have had time to get those documents by now.  You stated on March 14, 2002 by phone that JK Harris would be handling your Appeal.  I requested by phone and letter to have form 2848 to me within 10 days, and delinquent returns and other financial information to me by April 25, 2002.  No documents or power of attorney forms have been provided to date.

No other issues were raised by the taxpayer.

**Challenges to the Appropriateness of the Proposed Collection Action.**  You were given the opportunity to raise any relevant issue relating to the unpaid tax or the proposed levy in accordance with IRC Section 6330(c).  However, you did not respond to the conference letter mailed to you, or the phone messages left for you.  You did not contact the Appeals Officer to schedule either a face-to-face hearing or a telephonic hearing.

## III. Balancing Efficient Collection and Intrusiveness.

Although a levy is intrusive, since you presented no information or any alternatives for collection, the levy is the most efficient method of collection remaining.  The proposed levy therefore balances the need for efficient collection with the taxpayer's legitimate concern that the collection action be no more intrusive than necessary.

## Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion.

Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue, the Court will review the determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Petitioner filed no response to respondent's motion. Petitioner indicated in the petition that he wishes "to pay outstanding overdue taxes with the mercy of the court in the terms that the court will reconsider the interest for the amount owed."[4] As we understand petitioner's position in the petition, he concedes that he owes the unpaid liability for 1997 but is asking the Court to abate some or all of the interest under section 6404.[5] The record does not establish that petitioner

---

[4]In the petition, petitioner further alleged that "the company [that he worked for during the year at issue] was responsible for any and all taxes other than FICA, Social Security, etc." We conclude that petitioner has abandoned advancing the foregoing allegation. In any event, the record does not establish that petitioner's allegation is correct.

[5]Sec. 6404(e) was amended by Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 301, 110 Stat. 1452, 1457 (1996), to permit the

raised with the Appeals Office respondent's failure to abate interest under section 6404. Consequently, we shall not consider that matter.[6] See <u>Washington v. Commissioner</u>, 120 T.C. 114, 123-124 (2003); <u>Magana v. Commissioner</u>, 118 T.C. 488, 493-494 (2002).

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in determining to proceed with the collection action as determined in the notice of determination with respect to petitioner's unpaid liability for 1997.

Any of petitioner's contentions and arguments that are not discussed herein are without merit and/or irrelevant.

On the record before us, we shall grant respondent's motion.

---

Secretary to abate interest with respect to an "unreasonable" error or delay resulting from "managerial" as well as ministerial acts. The foregoing amendment applies to interest accruing with respect to deficiencies or payments for taxable years beginning after July, 30, 1996, and is applicable in the instant case.

[6]Assuming arguendo (1) that the record before us established that petitioner raised with the Appeals Office respondent's failure to abate interest under sec. 6404 with respect to his taxable year 1997 and (2) that we concluded that we have jurisdiction under sec. 6404 to consider petitioner's request that we review such failure, see <u>Katz v. Commissioner</u>, 115 T.C. 329, 340-341 (2000), on the instant record, we find that petitioner has not shown that respondent abused respondent's discretion in failing to abate interest under sec. 6404 for his taxable year 1997. See sec. 6404(g). In fact, we find on that record that petitioner has failed to establish any error or delay attributable to an officer or employee of respondent being erroneous or dilatory in performing a ministerial or managerial act within that meaning of sec. 6404(e) requiring an abatement of interest with respect to his taxable year 1997.

To reflect the foregoing,

An order granting respondent's
motion and decision will be entered
for respondent.