T.C. Memo. 2004-16

UNITED STATES TAX COURT

ARIEL J. DORRA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4437-03L.              Filed January 26, 2004.

Ariel J. Dorra, pro se.

<u>Leonard T. Provenzale</u>, for respondent.

MEMORANDUM OPINION

GERBER, <u>Judge</u>:  Respondent in a motion filed on August 12,
2003, moves for summary judgment on the question of whether
collection may proceed in accord with the Notice of Determination
Concerning Collection Actions(s) Under Section 6320 and/or 6330
(notice of determination) sent to petitioner February 20, 2003.
Petitioner contends that he did not have a "hearing" within the

meaning of section 6320(b) or 6330(b).[1]  In particular, petitioner contends that telephone contacts between himself, his representative, and the Appeals officer do not constitute a "hearing" as contemplated in section 6320(b).

Background

Petitioner filed 1997, 1999, and 2000 Federal income tax returns, but failed to pay all of the reported tax liabilities. The liabilities were assessed by respondent and on March 25, 2002, petitioner was sent a Notice of Federal Tax Lien Filing And Your Right to a Hearing Under I.R.C. 6320.  A Notice of Federal Tax Lien had been filed and recorded on March 20, 2002, and on March 28, 2002, petitioner entered into an installment agreement to pay his outstanding tax liabilities.  After the filing of the Notice of Federal Tax Lien and entering into the installment agreement, petitioner sought to have the Notice of Federal Tax Lien removed.

On May 1, 2002, petitioner requested a hearing by submitting a Form 12153, Request For A Collection Due Process Hearing, and on November 25, 2002, respondent's Appeals officer sent a letter offering to schedule a hearing.  In a December 13, 2002, letter, petitioner's representative, a lawyer under a power of attorney from petitioner, set forth the relief sought by his client, to

[1] Section references are to the Internal Revenue Code in effect for the period under consideration.  Rule references are to the Tax Court's Rules of Practice and Procedure.

wit: The release of the Notice of Federal Tax Lien because it was causing petitioner a significant hardship. The representative proposed that if respondent released the Notice of Federal Tax Lien, respondent could record a new notice if petitioner defaulted with respect to the payments under the installment agreement.

On December 17, 2002, the Appeals officer engaged in a telephonic conference with petitioner and his representative. Petitioner's representative agreed that the administrative requisites had been followed or met by respondent. Petitioner's representative also explained that petitioner was attempting to refinance property and that respondent should release the Notice of Federal Tax Lien because an installment payment agreement had been entered into with petitioner. The Appeals Office advised that a notice of lien is not released until the liability is satisfied or becomes uncollectible as a matter of law.

Following the telephone conference with petitioner and his representative, the Appeals officer, on February 20, 2003, issued a notice of determination. In the accompanying writeup, the Appeals officer explained that the Notice of Federal Tax Lien would not be released and that the notice was not released as a matter of right if a taxpayer entered into an installment agreement. Petitioner resided in Jupiter, Florida, when he timely filed his petition with this Court.

Discussion

Respondent seeks summary judgment with respect to whether he may proceed to collect certain outstanding tax liabilities against petitioner. Rule 121 provides for summary judgment for part or all of the legal issues in controversy if there is no genuine issue as to any material fact and a decision may be rendered as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). In that regard, summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).

There is no genuine issue as to any material fact in this case. The sole issue raised in petitioner's pleading is that he did not have a "hearing", and that question is susceptible to resolution by means of summary judgment. Respondent, pursuant to sections 6321 and 6323, seeks to maintain the Federal tax lien filed with respect to petitioner's property. In accord with section 6320(a), respondent provided petitioner with a notice of the filing of a Notice of Federal Tax Lien. The notice provided to petitioner advised him of his right to an administrative appeal of respondent's determination to collect the tax. In that regard, the Commissioner, after filing a Notice of Federal Tax Lien, must provide a taxpayer with the opportunity for an administrative and/or judicial review of the determination to

file the lien and proceed with collection.  See <u>Davis v. Commissioner</u>, 115 T.C. 35, 37 (2000).

Under section 6320(b), if a taxpayer "requests a hearing under subsection (a)(3)(B) [of section 6320], such hearing shall be held by the Internal Revenue Service Office of Appeals."  We have decided that, under appropriate circumstances, the hearing envisioned in sections 6320(b) and 6330(b) may be conducted telephonically.  See <u>Katz v. Commissioner</u>, 115 T.C. 329, 334-339 (2000).  In that case we concluded that the Appeals officer heard and considered all of petitioner's arguments during a telephone conference.  <u>Id.</u> at 337-338.

In this case, we also conclude that the Appeals officer heard and considered all of petitioner's arguments.  In his response to respondent's motion, petitioner stated that, if given another hearing, there is nothing more that he would argue to the Appeals officer.  Petitioner and his representative communicated in writing and by telephone with respondent's Appeals officer. In spite of this, petitioner contends that there was no "hearing" within the meaning of the statute.  This contention is also contrary to the regulations under section 301.6320-1(d)(2) A-D6 of the Procedural and Administrative Regs., which provide that

> CDP hearings * * * are informal in nature and do not
> require the Appeals officer or employee and the
> taxpayer, or the taxpayer's representative, to hold a
> face-to-face meeting.  A CDP hearing may, but is not
> required to, consist of a face-to-face meeting, one or
> more written or oral communications between an Appeals

officer or employee and the taxpayer or the taxpayer's representative, or some combination thereof.  * * *

Accordingly, we hold that petitioner did have an opportunity for a "hearing" within the meaning of section 6320(b) and case precedent and that the contention that his telephone conference was not a "hearing" within the meaning of section 6320(b) is of little moment since his representative, with power of attorney, had authority to pursue or waive a hearing.  Based on the undisputed allegation of respondent, petitioner's representative elected a telephonic conference in lieu of one that was face-to-face.  It also appears that petitioner's representative aired the client's concerns with the Appeals officer as petitioner testified that he would not have raised any additional arguments to the Appeals officer if given another hearing.  In addition, it would be neither necessary nor productive to remand for a hearing in any event.  See Lunsford v. Commissioner, 117 T.C. 183, 189 (2001).

In connection with the appeals consideration that was afforded to petitioner, a collection alternative was considered, and agreement was reached on an installment payment plan for petitioner.  The Appeals officer, however, refused to release the Notice of Federal Tax Lien without full payment or other arrangement to protect the Government's priority creditor status with respect to petitioner's real property.  See sec. 6325; cf. sec. 6331(k), relating to levies.  Petitioner has not shown

entitlement to a release as a matter of law or right, and, accordingly, petitioner has not shown an abuse of discretion.  We also note that petitioner and his representative were offered proof that respondent had complied with the prerequisites of sections 6320 and 6330 preliminary to proceeding with the filing of a Notice of Federal Tax Lien or other collection activity.

Respondent's Motion For Summary Judgment will be granted. To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent.</u>