T.C. Memo. 2005-237

UNITED STATES TAX COURT

JEROME J. NORRIS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20763-04L.          Filed October 11, 2005.

Jerome J. Norris, pro se.

Cleve Lisecki, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, Chief Judge: Petitioner, pursuant to section

6330(d),[1] seeks review of respondent's determination to proceed

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect at all relevant times, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

with collection by levy of petitioner's 2002 tax liability.  We decide whether respondent may proceed with the proposed levy.

FINDINGS OF FACT

Petitioner resided in Potomac, Maryland, at the time his petition was filed in this case.  He has practiced intellectual property law for approximately 35 years.  On or about April 15, 2003, petitioner, along with his spouse, timely filed a joint income tax return for the 2002 taxable year reflecting a balance due of $51,349.00.  Petitioner paid $26,305.00 with the return, leaving an unpaid balance of $25,044.00.  Thereafter, petitioner entered into a payment arrangement with respondent to pay the 2002 income tax liability (including penalties and interest) according to the following schedule:

| Due Date | Payment |
| --- | --- |
| June 16, 2003 | $13,348.24 |
| Oct. 17, 2003 | 13,348.24 |
| Total | 26,696.48 |

Petitioner, rounding the agreed payments to the nearest dollar, made electronic payments to respondent in accord with the agreed schedule, as follows:

| Approximate Payment Date | Payment |
| --- | --- |
| June 16, 2003 | $13,348.00 |
| Oct. 17, 2003 | 13,348.00 |
| Total | 26,696.00 |

On March 22, 2004, respondent sent petitioner a notification for petitioner's 2002 tax period, reflecting that petitioner had a balance of income tax due for 2002 of 48 cents.  In addition, respondent advised that petitioner was liable for a $175.44 late payment penalty and $264.08 in additional interest.  Accordingly, respondent's notice reflected a total balance due of $440.00 for 2002, as follows:

| | |
|---|---|
| Income tax | $.48 |
| Late payment penalty | 175.44 |
| Interest | 264.08 |
| Total | 440.00 |

On April 6, 2004, petitioner filed a Form 12153, Request for a Collection Due Process Hearing.  Petitioner explained to respondent that his payments discharged his liability in full and that the notification sent by respondent represented "a colossal blunder".  On September 2, 2004, petitioner and an Appeals officer discussed these matters by telephone.

On September 29, 2004, respondent sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, sustaining the proposed levy.  In that notice, respondent indicated:  "If taxpayers are on an installment agreement, they are charged a late payment penalty and interest on the unpaid balance until they pay the amount they owe in full."  In response, petitioner timely filed a petition with this Court challenging the proposed levy.

## OPINION

This case presents a controversy over de minimis amounts in which litigants persist in order to maintain principles they hold firmly. In large part, the controversy concerns the tax effect that petitioner's rounding of 48 cents on his agreed payment schedule had on the 2002 tax liability. The total amount in dispute is $440.00 out of a total $53,001.00, or less than 1 percent of the liability reported on petitioner's 2002 return. We must decide this dispute even though the cost of the parties' pursuit of their principles will far exceed the amount in dispute.

Respondent, relying on what appears to be an abbreviated statement of petitioner's 2002 tax account, contends that he should be allowed to pursue collection. Petitioner contends that he met his agreed payment obligations and that there is no outstanding collectible balance for his 2002 tax year.

Section 6331(a) authorizes the Commissioner to levy on property and property rights if a taxpayer fails to pay a tax liability after notice and demand. Sections 6331(d) and 6330(a), however, require the Secretary to send written notice to the taxpayer of the intent to levy and of the taxpayer's right to a hearing before collection. Section 6330(c)(2)(A) provides that the taxpayer may raise at the hearing "any relevant issue relating to the unpaid tax or the proposed levy" including

spousal defenses, challenges to the appropriateness of collection actions, and alternatives to collection. Section 6330(c)(1) requires that the Appeals officer obtain verification that the requirements of any applicable law or administrative procedure have been met.

When an Appeals officer issues a determination regarding a disputed collection action, a taxpayer may seek judicial review with the Tax Court if the Tax Court has jurisdiction over the underlying tax liability. Sec. 6330(d); see Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000). The underlying tax liability may include the tax deficiency, additions to tax, and statutory interest. Katz v. Commissioner, 115 T.C. 329, 339 (2000).

The underlying tax liability may be questioned if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B). Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000). Where the validity of the underlying tax is not at issue, the Court will review the Commissioner's administrative determination for an abuse of discretion. Id.; Goza v. Commissioner, supra at 181-182.

Because petitioner was not issued a notice of deficiency and he did not previously have the opportunity to dispute the underlying tax liability, he may question the validity of the underlying tax liability, and we review respondent's determination de novo.  See Montgomery v. Commissioner, 122 T.C. 1, 9 (2004).

Petitioner contends that he had a payment arrangement under which two payments totaling $26,696.48 by the dates stated would completely satisfy his 2002 tax liability, including interest and penalties that accrued to the date of the last payment. Petitioner further contends that he made timely payments of the required amounts (less 24 cents each rounded down in conformity with respondent's conventions) and that his 2002 tax liability is therefore satisfied.  Petitioner believes that the $439.52 in interest and penalties arose from a "phantom" 48 cents that petitioner contends did not remain unpaid because of a permitted rounding method.

In response, respondent contends that the $439.52 of interest and penalties would have accrued irrespective of whether petitioner paid the 48 cents.  To support this contention, respondent attempted to show that interest and penalties would have accrued on the $25,044 that remained unpaid at the time petitioner filed his return.

Generally, petitioner bears the burden of proof. See Rule 142(a). Section 7491 may shift the burden to the Commissioner in certain circumstances, but petitioner does not contend, and has not shown, that he has satisfied the prerequisites of section 7491. Accordingly, the burden remains with petitioner regarding any determination of a tax liability.

The Commissioner bears the burden of production with respect to any penalty or addition to tax. Sec. 7491(c). To meet this burden, the Commissioner must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty or addition to tax. Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

With respect to both petitioner's tax liability and the additions thereon, the only evidence presented shows that petitioner's liability has been satisfied. Petitioner credibly testified that he made timely payments of tax, penalties, and interest in conformity with the payment arrangement to which he had agreed. In addition, respondent's records indicate that petitioner was placed on an installment agreement on June 16, 2003, when he made his first payment, and respondent admitted at trial that there was an agreement to extend the period in which petitioner had to pay the tax liability.

Respondent, on the other hand, presented no evidence concerning the calculation or timing of the disputed penalties and interest. The only evidence respondent offered was an abbreviated statement that had been sent to petitioner that reflected an amount of interest and penalties without any specific underlying assessment data. This document is not a statement of account and appears to be an unofficial document. Although respondent is correct that interest and penalties would normally accrue on petitioner's $25,044 unpaid tax liability, petitioner's agreed payments were set at a total of $26,696, indicating that the agreed payments did include penalties and/or interest. Respondent presented no evidence showing that penalties and interest accrued in excess of the amount petitioner paid.

Petitioner's credible testimony coupled with respondent's own records concerning the agreed payment arrangement thus constitutes sufficient evidence to challenge respondent's determination. Respondent, however, has not presented any evidence to refute petitioner's testimony or to support the amounts in dispute. Petitioner has thus met his burden of showing that the disputed amounts are in error, and respondent has not met his burden of showing that it was appropriate to impose the penalties in dispute. Accordingly, we hold that it was an abuse of discretion to proceed with collection activities.

To reflect the foregoing,

Decision will be entered

for petitioner.
