T.C. Memo. 2009-117

UNITED STATES TAX COURT

MICHAEL E. KOHN AND CATHERINE K. KOHN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16252-06L.                    Filed May 26, 2009.

Michael E. Kohn and Catherine K. Kohn, pro sese.

Michael W. Bitner, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, Judge:  Pursuant to section 6320,[1] petitioners seek
review of respondent's determination that collection action could
proceed with respect to petitioners' unpaid 2001 Federal income

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

tax liability.  We must decide whether respondent's Appeals Office correctly upheld the filing of a notice of Federal tax lien with respect to petitioners' 2001 Federal income tax liability.

FINDINGS OF FACT

Some of the facts have been deemed established for purposes of this case in accordance with Rule 91(f).[2]  We incorporate these facts into our findings by this reference.  Petitioners resided in Missouri when the petition was filed.

Michael E. Kohn (Mr. Kohn) was a tax attorney who held an undergraduate degree in history and business, a law degree, and a master of business administration degree from St. Louis University and a master of laws in taxation degree from New York University.  From 1977 to 1989 Mr. Kohn worked as an associate, junior partner, and senior tax partner at a St. Louis, Missouri, law firm.  After leaving the firm, Mr. Kohn practiced law on his own until he surrendered his license to practice law in 2003.

---

[2]On Feb. 13, 2008, respondent filed a motion to show cause why proposed facts and evidence should not be accepted as established under Rule 91(f) and attached a proposed stipulation of facts.  Petitioners filed a response to respondent's motion accepting the facts and evidence set forth in pars. 1 through 5 of respondent's proposed stipulation.  As a result, on Mar. 25, 2008, we made the order to show cause under Rule 91(f) absolute and deemed established the facts and evidence set forth in pars. 1 through 5 of respondent's proposed stipulation of facts.  We also made the order to show cause under Rule 91(f) absolute and deemed established the facts and evidence set forth in par. 6 of respondent's proposed stipulation of facts because petitioners failed to respond regarding par. 6 as required by Rule 91(f)(3).

In July 2002 Mr. Kohn pleaded guilty to one count of attempting to interfere with the administration of internal revenue laws in violation of section 7212.[3]  From November 2002 to May 2003 Mr. Kohn was incarcerated.

On October 20, 2004, petitioners jointly filed their 2001 Form 1040, U.S. Individual Income Tax Return (2001 return). Petitioners reported a tax due (after withholding credits) of $611,482, but they did not remit a payment.  On November 29, 2004, respondent assessed the reported tax liability, an addition to tax for failure to pay estimated tax, additions to tax for late filing and late payment, and interest.[4]

In June 2005 respondent filed a notice of Federal tax lien with respect to petitioners' 2001 assessed tax liability, and on June 16, 2005, respondent sent petitioners a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320.  In response, petitioners' representative, Thomas L. Hoops, timely submitted a Form 12153, Request for a Collection Due Process Hearing, on petitioners' behalf.  Petitioners' case was assigned to Settlement Officer Alois C. Hoog (Mr. Hoog).

---

[3]Mr. Kohn's criminal conviction was unrelated to petitioners' personal tax matters.

[4]On Mar. 14, 2005, respondent assessed additional interest and an additional failure to pay addition to tax.

On February 22, 2006, Mr. Hoog held a hearing with Mr. Kohn and his authorized representative, Michael Fitzgerald.[5] At the hearing Mr. Kohn submitted a collection due process hearing memorandum in support of abatement of tax lien and abatement of penalties with attached exhibits. During the hearing and in the memorandum Mr. Kohn raised the following issues: (1) Petitioners had no unpaid tax liability for 2001 because they had overpaid their Federal income tax liability in years before 2001; (2) additions to tax for failure to file a timely return should have been abated and interest assessments did not account for payments petitioners made; and (3) Mrs. Kohn was not liable for the unpaid tax liability under section 6015. During the hearing Mr. Kohn also contended that respondent did not credit to petitioners' tax accounts $40,000 in payments they supposedly made in 2004 and 2005 and that respondent credited to their 2000 tax account only $20,000 of a $25,000 payment.

On July 18, 2006, respondent's Appeals Office mailed petitioners a Notice of Determination Concerning Collection Action Under Section 6320 sustaining respondent's filing of the notice of Federal tax lien. In the notice of determination the Appeals Office concluded: (1) The fact that penalties were abated in nondetermination years is not a basis for abating

---

[5]The record does not show whether Mrs. Kohn attended the hearing.

petitioners' 2001 tax liability; (2) petitioners did not have reasonable cause for failing to file a timely 2001 return; (3) Mrs. Kohn was not entitled to relief under section 6015; and (4) petitioners did not produce sufficient evidence that they made the $40,000 in payments or that the $20,000 payment credited to their 2000 tax account was actually a $25,000 payment. Petitioners filed a timely petition contesting respondent's determination.[6]

## OPINION

### I. Collection Hearing Procedure

Section 6321 imposes a lien in favor of the United States on all property and property rights of a taxpayer liable for taxes after a demand for the payment of the taxes has been made and the taxpayer fails to pay those taxes. The lien arises when the assessment is made. Sec. 6322. Section 6323(f) generally requires the Secretary to file a notice of Federal tax lien with the appropriate State office for the lien to be valid against certain third parties. Section 6320(a) requires the Secretary to notify the taxpayer in writing of the filing of a notice of Federal tax lien and of the taxpayer's right to an administrative

---

[6]In the petition, petitioners challenged respondent's determination that Mrs. Kohn did not qualify for relief under sec. 6015, but they did not argue this issue at trial or in their posttrial briefs. Petitioners also failed to produce any evidence on this issue at trial. We conclude, therefore, that petitioners have abandoned this issue. See Leahy v. Commissioner, 87 T.C. 56, 73-74 (1986).

hearing on the matter.  Section 6320(b) affords the taxpayer the right to a fair hearing before an impartial hearing officer. Section 6320(c) requires that the administrative hearing be conducted pursuant to section 6330(c), (d) (other than paragraph (2)(B) thereof), and (e).

At the hearing a taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and possible collection alternatives.  Sec. 6330(c)(2)(A).  A taxpayer is precluded, however, from contesting the existence or amount of the underlying tax liability unless the taxpayer failed to receive a notice of deficiency for the tax liability in question or did not otherwise have an opportunity to dispute the tax liability.  See sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 609 (2000).  The phrase "underlying tax liability" includes the tax deficiency, any penalties and additions to tax, and statutory interest.  Katz v. Commissioner, 115 T.C. 329, 339 (2000).

Following a hearing, the Appeals Office must issue a notice of determination regarding the validity of the filed Federal tax lien.  In making the determination the Appeals Office is required to take into consideration:  (1) Verification presented by the Secretary that the requirements of applicable law and administrative procedure have been met, (2) relevant issues raised by the taxpayer, and (3) whether the proposed collection

action appropriately balances the need for efficient collection of taxes with a taxpayer's concerns regarding the intrusiveness of the proposed collection action.  Sec. 6330(c)(3).

If the taxpayer disagrees with the Appeals Office's determination, the taxpayer may seek judicial review by appealing to this Court.  Sec. 6330(d).  Our jurisdiction to review the Commissioner's determination extends to consideration of facts and issues in years not subject to the notice of determination to the extent that the tax liability for those years may affect the appropriateness of the collection action for the determination year.  Freije v. Commissioner, 125 T.C. 14, 28 (2005).

II.  Standard of Review

Where the validity of the underlying tax liability is properly at issue, the Court reviews the determination regarding the underlying tax liability de novo.  Sego v. Commissioner, supra at 610; Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the validity of the underlying tax liability is not properly at issue, the Court reviews the determination of the Appeals Office for abuse of discretion.  Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 182.

Respondent argues in his opening brief that in reviewing the notice of determination we should apply the abuse of discretion standard of review.  Petitioners inexplicably contend that we should review the notice of determination under the abuse of

discretion and de novo standards of review.  In response to petitioners' contention, respondent states in his reply brief that the notice of Federal tax lien should be sustained "regardless of the standard of review used by this Court."  We agree with respondent that the standard of review does not affect our conclusion in this case.  Under either standard, we would reach the same result on the record in this case, and consequently, we need not decide which standard of review applies.[7]  Cf. <u>Freije v. Commissioner</u>, <u>supra</u> at 24, 29-30 (reviewing de novo whether the Commissioner appropriately applied a payment to a year not subject to the notice of determination).

III. <u>Petitioners' Challenges to the Notice of Determination</u>

    A.   <u>Application of Payments</u>

Petitioners argue that respondent did not credit to their tax accounts $40,000 in payments they supposedly made in 2004 and 2005.  They also contend that they made a $25,000 payment but that respondent credited only $20,000 of that payment to their 2000 tax account.

During the collection hearing Mr. Hoog asked petitioners for evidence of the $40,000 in payments and the $25,000 payment.  Petitioners showed Mr. Hoog copies of the fronts of checks but

---

[7]Although the parties introduced into evidence petitioners' memorandum in support of abatement of tax lien and abatement of penalties with attachments as part of the administrative record, the parties did not introduce the entire administrative record.

were unable to provide copies of the backs of the checks.  Mr.
Hoog concluded that the evidence petitioners presented was
insufficient to substantiate the payments and requested further
proof of payment.  Petitioners did not provide proof of payment
as requested before the notice of determination was issued.[8]

At trial petitioners did not introduce into evidence copies
of the checks representing the $40,000 in payments or the $25,000
payment.  Consequently, the record contains no evidence on which
we can conclude that petitioners paid $40,000 that respondent did
not properly apply to their unpaid tax liabilities or that a
$25,000 payment was improperly credited as a $20,000 payment to
petitioners' 2000 tax account.

In addition, petitioners argued at trial that respondent
misapplied several payments made after 2002 to years before 2001
and that the misapplication of those payments distorted
petitioners' 2001 unpaid tax liability.  Specifically, Mr. Kohn
argued that respondent should have applied the payments to the
oldest liability first.[9]  We disagree.  Rev. Proc. 2002-

---

[8]Although petitioners claim that they presented the checks
to Mr. Hoog during the collection hearing, petitioners'
memorandum in support of abatement of tax lien that attaches
documents they presented during the collection hearing does not
include copies of the checks.

[9]At trial Mr. Kohn indicated that he had reached an
agreement with a collection officer that petitioners would make
periodic payments to be applied first to the oldest unpaid tax
liability.  However, the record does not contain any such

(continued...)

26, sec. 3.02, 2002-1 C.B. 746, 746 provides that unless the taxpayer provides specific written directions as to the application of a payment, the Internal Revenue Service will apply the payment in a manner that "will serve its best interest." Mr. Kohn conceded at trial that the checks did not make a designation; and without specific written directions, respondent may apply the payments in accordance with respondent's best interest. Therefore, we cannot conclude on the basis of the record that respondent misapplied any of the payments that were applied to years before 2001.

B. Abatement of Penalties and Interest in Years Before 2001

Petitioners argue that respondent abated certain penalties[10] and interest in some but not all prior years and that if respondent had consistently abated the additions to tax in all prior years, petitioners would have an overpayment credit that would offset their 2001 tax liability. In the attachment to the notice of determination, respondent determined that respondent's decision to abate additions to tax in years not subject to the

_____

[9](...continued) agreement, nor did the collection officer testify at trial. We therefore cannot conclude that petitioners had a binding agreement with respondent regarding the application of the periodic payments.

[10]References to penalties in the record and in petitioners' briefs are to the addition to tax under sec. 6651(a)(1) for failure to file a timely return or under sec. 6651(a)(2) for failure to pay the amount of tax shown on petitioners' return.

notice of determination was not a basis for abatement of the additions to tax included in the 2001 tax liability.  We agree. Each taxable year stands alone, and any abatement of additions to tax in some years does not establish petitioners' entitlement to an abatement of additions to tax in other years.  See Rose v. Commissioner, 55 T.C. 28, 31-32 (1970); Elder v. Commissioner, T.C. Memo. 2007-281.  Moreover, the record does not contain any credible evidence to support a conclusion that the additions to tax in the prior years should be abated.  We thus sustain Mr. Hoog's determination with respect to the abatement of additions to tax in years before 2001.

C.    Additions to Tax Under Section 6651(a)(1) and (2)

Section 6651(a)(1) imposes an addition to tax for failure to file a timely Federal income tax return unless the taxpayer can demonstrate that such failure is due to reasonable cause and not due to willful neglect.  Reasonable cause for the failure to file a timely return exists if the taxpayer exercised ordinary business care and prudence but was unable to file the return within the time prescribed by law.  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Section 6651(a)(2) imposes an addition to tax for failure to pay the amount of tax shown on the taxpayer's Federal income tax return on or before the payment due date, unless such failure is due to reasonable cause and not due to willful neglect.  A

failure to pay will be considered due to reasonable cause if the taxpayer makes a satisfactory showing that he exercised ordinary business care and prudence in providing for payment of his tax liability and was nevertheless either unable to pay the tax or would suffer undue hardship if he paid on the due date.  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Respondent determined that petitioners were liable for additions to tax under section 6651(a)(1) and (2) for 2001.  The record shows that petitioners filed their 2001 return on October 20, 2004, over 2 years after its due date.[11]  When they filed the 2001 return, petitioners reported a tax due of $611,482 but did not submit any payment with the return.[12]  We thus conclude that respondent met his burden of producing evidence to demonstrate that the additions to tax under section 6651(a)(1) and (2) are appropriate.  See Wheeler v. Commissioner, 127 T.C. 200, 210 (2006), affd. 521 F.3d 1289 (10th Cir. 2008); Higbee v. Commissioner, 116 T.C. 438, 447 (2001).

Petitioners argue that they are not liable for the additions to tax because they had reasonable cause for failing to file a

---

[11]The due date of petitioners' 2001 return was Apr. 15, 2002, as they filed no request for an extension.

[12]Petitioners had a withholding tax credit ($2,765) that was applied against their 2001 tax liability as of Apr. 15, 2002. After they filed the 2001 return, petitioners made several payments that were applied to their unpaid 2001 tax liability.

timely return and to pay the tax shown on the return.[13] Petitioners contend that they were unable to prepare and file a timely 2001 return because of the criminal investigation[14] and incarceration of Mr. Kohn. We have previously held that incarceration alone does not constitute reasonable cause for purposes of the addition to tax for failure to file. See, e.g., Thrower v. Commissioner, T.C. Memo. 2003-139; Krause v. Commissioner, T.C. Memo. 1991-13. Mr. Kohn is a well-educated and experienced tax attorney who is very familiar with the filing deadlines and payment obligations imposed by the Internal Revenue Code. Petitioners did not file timely returns for any of the 10 years before 2001, and petitioners have not credibly explained why the criminal investigation and incarceration prevented them from filing their 2001 return and paying their 2001 tax liability. Petitioners' argument that the criminal investigation and incarceration of Mr. Kohn constituted reasonable cause for their failure to file a timely 2001 return and to pay the tax shown on the return is unconvincing.

---

[13]Respondent's transcript of petitioners' tax account shows that respondent also assessed an addition to tax under sec. 6654(a) for failure to pay estimated taxes. Petitioners do not challenge their liability for the sec. 6654(a) addition to tax, and they have not shown that they qualify for any exception under sec. 6654.

[14]The record does not establish the dates of the investigation. We infer only that the investigation commenced sometime before Mr. Kohn pled guilty in July 2002.

We cannot conclude on this record that petitioners exercised ordinary business care and prudence with respect to filing their 2001 return and paying their 2001 tax liability.  Because petitioners have not established they had reasonable cause for failing to file a timely 2001 return and to pay the amount shown on the 2001 return, we sustain respondent's determination not to abate the additions to tax.

We have considered all arguments raised by either party, and to the extent not discussed, we find them to be irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.