T.C. Memo. 2011-120

UNITED STATES TAX COURT

ION AND PAULINA SEMEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11577-09L.                    Filed June 2, 2011.

Ion and Paulina Semen, pro sese.

<u>Robert H. Berman</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Pursuant to section 6330(d)(1),[1]
petitioners seek review of respondent's Appeals Office's
(Appeals) determination to treat petitioners' outstanding Federal
income tax liabilities for 2001 and 2002 as currently not

---

[1]  All section references are to the Internal Revenue Code,
and all Rule references are to the Tax Court Rules of Practice
and Procedure.

collectible (CNC) and to not proceed with collection activity. The issues for decision are: (1) Whether petitioners are liable for failure to timely pay additions to tax under section 6651(a)(3) for 2001 and 2002; and (2) whether Appeals' determination constitutes an abuse of discretion.

## FINDINGS OF FACT

There are no stipulations of facts. However, respondent's Exhibits 1-R through 6-R and petitioners' Exhibit 7-P were received in evidence and are incorporated herein by this reference. Petitioners resided in California at the time they filed their petition.

Petitioners' 2001 and 2002 tax years previously were before the Court on petitions for redetermination of deficiencies. On April 19, 2007, the Court entered a stipulated decision setting forth an agreed-upon deficiency in petitioners' 2001 Federal income tax of $15,780 and an addition to tax pursuant to section 6651(a)(1) of $708.75. On April 17, 2007, the Court entered a stipulated decision setting forth an agreed-upon deficiency in petitioners' 2002 Federal income tax of $8,516 and an addition to tax pursuant to section 6651(a)(1) of $1,115.25. Both stipulated decisions stated that interest would be assessed on the deficiencies and additions to tax as provided by law.

In August 2007 respondent assessed petitioners' 2001 and 2002 Federal income tax liabilities in the amounts stated in the

decision documents.  Respondent then mailed to petitioners statutory notices of balance due covering the foregoing assessments (notice and demand letter).  Petitioners did not pay their liabilities, and in February 2008 respondent mailed to petitioners a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice).  The levy notice included an account summary showing that petitioners owed "late payment [penalties]" of $946.80 and $420.75.[2]  The levy notice explained that petitioners had a right to request a hearing with Appeals to challenge the proposed collection action and to discuss payment method options by submitting Form 12153, Request for a Collection Due Process or Equivalent Hearing.

Petitioners timely submitted Form 12153, on which Mr. Semen stated:  "The decision made by the United States Tax Court on the amount owed for 2001 and 2002 does not match what the I.R.S. has sent to me.  I am asking that they fix it.  The U.S. Tax Court decision also states there is no penalty due."  On July 11, 2008, Appeals sent to petitioners a letter with copies of the stipulated decisions for 2001 and 2002 and petitioners' account transcripts for 2001 and 2002.

Appeals and petitioners held a telephone conference to discuss the proposed collection activity.  Petitioners argued

---

[2]  The late payment penalties referred to in the account summary were failure to timely pay additions to tax under section 6651(a)(3).

that the stipulated decisions for 2001 and 2002 stated that they were not liable for a penalty, yet the account summary included with the levy notice showed that petitioners owed late payment penalties. Petitioners did not offer any collection alternatives. However, Appeals analyzed petitioners' financial situation and determined that their 2001 and 2002 liabilities were eligible for CNC status.[3]

On February 6, 2009, Appeals sent to petitioners a letter informing them that respondent added only the section 6651(a)(1) "penalties" petitioners agreed to.[4] The letter also explained the possibility of CNC status and asked petitioners whether they would accept this option. Petitioners did not respond, and Appeals issued a notice of determination stating that petitioners' liabilities would be treated as CNC and levy action was not appropriate. Petitioners then filed a petition with the Court stating that they disagree with "interest and penalty".[5]

---

[3] Appeals determined that petitioners' monthly expenses exceeded their monthly income by $960. Appeals calculated petitioners' income by averaging the amounts of income reported on petitioners' 2005, 2006, and 2007 Federal income tax returns.

[4] It is not clear whether Appeals explained to petitioners why they were liable for the sec. 6651(a)(3) additions to tax.

[5] With respect to petitioners' disagreement with "interest", it is not clear whether petitioners are arguing that interest should begin to accrue on the date they signed the decision documents and not from the date petitioners' 2001 and 2002 tax liabilities were originally due, see sec. 6601(a), (e)(2)(B), or whether petitioners feel that no interest should be

(continued...)

OPINION

Section 6330(a) provides that the Secretary shall furnish taxpayers with written notice of their right to a hearing before any property is levied upon.  Section 6330(a) and (b) further provides that the taxpayer may request administrative review of the matter (in the form of a hearing) within a 30-day period.

Pursuant to section 6330(c)(2)(A), a taxpayer may raise at the section 6330 hearing any relevant issue with regard to the Commissioner's collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and alternative means of collection.  Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000).  If a taxpayer received a statutory notice of deficiency for the years in issue or otherwise had the opportunity to dispute the underlying tax liability, the taxpayer is precluded from challenging the existence or amount of the underlying tax liability.  Sec. 6330(c)(2)(B); Sego v. Commissioner, supra at 610-611; Goza v. Commissioner, supra at 182-183.  The phrase "underlying tax liability" includes the tax

_____

[5](...continued)
charged.  At trial the Court explained to petitioners that they had agreed to the assessments of interest by signing the stipulated decisions.  The Court also explained that Congress determines when interest begins to accrue and at what rate, not the Court or the Commissioner.

deficiency, additions to tax, penalties, and statutory interest. Katz v. Commissioner, 115 T.C. 329, 339 (2000).

Petitioners received notices of deficiency for 2001 and 2002, challenged the Commissioner's determinations for each year before the Court, and agreed to the stipulated decisions for each year. Accordingly, they cannot challenge the existence or amount of the underlying liabilities for the years at issue. See sec. 6330(c)(2)(B); Sego v. Commissioner, supra at 610-611; Goza v. Commissioner, supra at 182-183. With respect to the section 6651(a)(3) additions to tax, however, petitioners did not have a prior opportunity to dispute that determination. Thus, petitioners were entitled to challenge the section 6651(a)(3) additions to tax during the section 6330 hearing and to litigate them here. See Burke v. Commissioner, T.C. Memo. 2009-282.

Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo. Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 181-182. The Court reviews any other administrative determination regarding the proposed levy action for abuse of discretion. Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 182. Appeals abuses its discretion if its determination "has been exercised arbitrarily, capriciously, or without sound basis in fact." Mailman v. Commissioner, 91 T.C. 1079, 1084 (1988).

I.   Petitioners' Liability for the Section 6651(a)(3) Additions
     to Tax

Section 6651(a)(3) imposes an addition to tax in the case of a failure to pay a tax required to be shown on a return, which was not so shown, within 21 days after the date of the IRS' notice and demand letter.  The Commissioner has the burden of production with respect to a taxpayer's liability for the addition to tax.  Sec. 7491(c).  To meet that burden, respondent must come forward with sufficient evidence indicating that it is appropriate to impose the addition to tax.  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Petitioners failed to pay the tax required to be shown on their 2001 and 2002 returns within 21 days after the date of the IRS' notice and demand for payment.  Therefore, respondent has met his burden.

However, the section 6651(a)(3) addition to tax is not imposed if the taxpayer proves that the failure to pay is due to reasonable cause and not willful neglect.  Sec. 301.6651-1(a)(3), Proced. & Admin. Regs.  Reasonable cause is shown if the taxpayer "exercised ordinary business care and prudence in providing for payment of his tax liability and was nevertheless either unable to pay the tax or would suffer an undue hardship * * * if he paid on the due date."  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  Whether the taxpayer has shown reasonable cause is a question of fact to be decided on the entire record.  Duncan v. Commissioner, T.C. Memo. 2000-269.

We believe petitioners' failure to timely pay is due to reasonable cause and not willful neglect. At the time petitioners' 2001 and 2002 tax liabilities became due, petitioners' monthly expenses (as adjusted by Appeals) exceeded their monthly income by $960. Petitioners were therefore unable to pay the tax liabilities on the due dates and would have suffered an undue hardship if they had. Significantly, this inability to pay is the reason Appeals treated petitioners' outstanding liabilities as CNC. Accordingly, we find that petitioners are not liable for the section 6651(a)(3) additions to tax.

II. Whether Appeals Abused Its Discretion

Petitioners did not argue that Appeals abused its discretion in treating petitioners' liabilities as CNC and determining that collection activity should not proceed, nor did they offer any other collection alternatives. In making its determination, Appeals verified that the requirements of all applicable law and administrative procedure had been met.

Under these circumstances, Appeals did not abuse its discretion when it determined that petitioners' liabilities should be reported as CNC and collection activity should not proceed.

To reflect the foregoing,

An appropriate decision

will be entered.