T.C. Memo. 2018-144

UNITED STATES TAX COURT

PAUL T. VENABLE, II, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16217-16L.                    Filed September 10, 2018.

Paul T. Venable, II, pro se.

<u>Susan T. Mosley</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PUGH, <u>Judge</u>:  This case was commenced in response to a Notice of

Determination Concerning Collection Action(s) Under Section 6320 and/or 6330

(notice of determination), sustaining respondent's Notice of Federal Tax Lien

[*2] (NFTL) to collect petitioner's unpaid Federal income tax liabilities for 2008, 2009, 2010, and 2011 (years at issue).[1]

The issues for decision are: (1) whether petitioner should be permitted to challenge his income tax liabilities for the years at issue and, if not, (2) whether Settlement Officer Steven Lerner (SO Lerner) abused his discretion in sustaining respondent's NFTL.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulated facts are incorporated in our findings by this reference. Petitioner resided in Idaho when he timely filed his petition.

Respondent sent petitioner a notice of deficiency for the 2008 tax year on May 9, 2011, for the 2009 tax year on May 21, 2012, for the 2010 tax year on April 15, 2013, and for the 2011 tax year on July 7, 2014. The notices of deficiency for the 2008, 2009, and 2010 tax years were addressed to petitioner at 1002 N. D Street, Parma, Idaho 83660, but the notice of deficiency for the 2011 tax year was addressed to petitioner at 27702 Pet Lane, Parma, Idaho 83660. Petitioner never received the notice of deficiency for 2011 but did receive the

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986 (Code), as amended and in effect at all relevant times. Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] others.  Petitioner did not file petitions with respect to any of the notices of deficiency.

On October 26, 2015, respondent filed an NFTL and on November 5, 2015, sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under Section 6320 for the years at issue.  On December 14, 2015, petitioner submitted a timely Form 12153, Request for Collection Due Process or Equivalent Hearing, and indicated only that he was seeking a discharge of the lien. Petitioner's case was assigned to SO Lerner.

SO Lerner issued a notice of determination sustaining the collection action on June 15, 2016.  This notice states that he verified that the necessary legal requirements and administrative procedures were met, that assessments were properly made for each year, that notice and demand for payment was mailed to petitioner at his last known address, and that balances remained outstanding when the NFTL was filed.

Petitioner then timely petitioned this Court for review of the determination. On December 28, 2016, we remanded the case for further consideration for the Appeals Office to specify the information SO Lerner relied upon for verification.

On remand SO Lerner compiled an administrative file that contained copies of the original information he retrieved to confirm that the requirements of

**[*4]** applicable law and administrative procedure were met with respect to the determination and collection of petitioner's unsatisfied income tax liabilities for the years at issue. The file included copies of the substitute U.S. Postal Service Form 3877, Certified Mail Lists, 30-day letters, and notices of deficiency related to the assessments of petitioner's tax liabilities for the years at issue.

In accordance with our remand order, respondent offered petitioner a supplemental administrative hearing on March 28, 2017, via telephone conference. Before the hearing, on March 8, 2017, SO Lerner sent petitioner information regarding how the deficiencies and additions to tax were computed for the years at issue along with copies of the Forms W-2, Wage and Tax Statement, on which income determinations were based. In response to SO Lerner's letter, on March 24, 2017, petitioner faxed SO Lerner multiple affidavits containing a series of statements laying out petitioner's arguments that he was not subject to tax.

In his affidavits and during the March 28, 2017, hearing, petitioner claimed only that as written, the laws of the United States (including the Constitution) do not impose the tax liabilities on him that the Internal Revenue Service determined. Specifically he argued then, and again before us, that the "income tax law does not 'plainly and clearly lay' any tax upon petitioner or his revenue," that the "Internal Revenue Code does not 'plainly and clearly lay' a tax on any of petitioner's

[*5] revenues", and that "petitioner's revenues are not subject to [F]ederal taxation by excise".

On April 11, 2017, respondent issued a Supplemental Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (supplemental notice). The supplemental notice rejected petitioner's arguments and sustained the filing of the NFTL covering petitioner's individual income tax liabilities for the years at issue.

OPINION

I. Challenge to Underlying Liabilities

Section 6330(c)(2)(B) provides that a taxpayer may challenge his underlying tax liability during an administrative hearing if he did not receive a statutory notice of deficiency or did not otherwise have a prior opportunity to dispute the underlying tax liability. The phrase "underlying tax liability" includes the tax deficiency, any penalties and additions to tax, and statutory interest. Katz v. Commissioner, 115 T.C. 329, 338-339 (2000). If the underlying liability is properly at issue, the Court reviews any determination regarding that liability de novo; the Court reviews all other administrative matters for abuse of discretion. Davis v. Commissioner, 115 T.C. 35, 39 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

**[\*6]**   Petitioner has not argued--nor is there evidence in the record--that he did not receive the notice of deficiency for 2008, 2009, or 2010, nor has he denied receiving the notices.  Because he had a prior opportunity to challenge the liabilities for the 2008, 2009, and 2010 tax years, we hold that he is precluded from challenging the liabilities for those years.  Sec. 6330(c)(2)(B); Goza v. Commissioner, 114 T.C. at 181-182.

Respondent concedes that petitioner did not receive the notice of deficiency for 2011.  Therefore he may challenge his underlying liability in an administrative hearing because he did not receive a notice of deficiency or otherwise have a prior opportunity to contest the liability.  See secs. 6320(c), 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).  But this Court considers a taxpayer's challenge to his underlying liability in a collection action case only if he properly raised that challenge at his administrative hearing. Giamelli v. Commissioner, 129 T.C. 107, 115-116 (2007); see secs. 301.6320-1(f)(2), Q&A-F3, 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.  An issue is not properly raised at the administrative hearing if the taxpayer fails to request consideration of that issue by the settlement officer or if he requests consideration but fails to present any evidence after being given a reasonable opportunity to do so.  Giamelli v. Commissioner, 129 T.C. at 115-116; see also Zook v.

**[\*7]** <u>Commissioner</u>, T.C. Memo. 2013-128, at \*6-\*7 (holding that the taxpayer failed to properly raise her underlying liabilities when she failed to provide any documentation of the underlying liabilities and asserted frivolous arguments).

We find that petitioner had multiple opportunities to challenge his underlying liability for 2011 during his appeals hearing but he offered only frivolous arguments about why he was not subject to tax.

As we have said before, again and again, "[w]e perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984). Simply put, petitioner is subject to the income tax laws. Section 1 imposes an income tax on taxable income. Section 63 defines taxable income as gross income minus deductions. Petitioner admitted that he received income when he was paid for the work he performed. Section 61(a)(1) defines gross income to include that very category of income. None of petitioner's arguments absolves him from his obligations under the Code. "The constitutionality of our income tax system--including the role played within that system by the Internal Revenue Service and the Tax Court--has long been established." <u>Crain v. Commissioner</u>, 737 F.2d at 1417-1418.

**[\*8]**  This Court consistently deems arguments against the constitutionality of income tax laws frivolous.  A position is frivolous if it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).  As the settlement officer did in Zook v. Commissioner, T.C. Memo. 2013-128, SO Lerner correctly rejected petitioner's frivolous arguments, and we conclude that petitioner did not properly raise his underlying liabilities in the appeals hearing.

Because petitioner is precluded from addressing the underlying income tax liabilities for the years at issue, we will review SO Lerner's actions for abuse of discretion.  See Goza v. Commissioner, 114 T.C. at 181-182.

II.  Abuse of Discretion

In a collection due process hearing, the settlement officer must verify whether the requirements of applicable law and administrative procedure were met.  Sec. 6330(c)(1).  The settlement officer also must consider the issues raised by the taxpayer and whether the proposed collection action balances the Government's need for efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary.  Sec. 6330(c)(3);  Sego v. Commissioner, 114 T.C. at 609.  The taxpayer bears the burden of proving that the settlement officer's determinations were arbitrary,

**[*9]** capricious, or without sound basis in fact or law.  Rule 142(a); <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999).

While petitioner alleged in his petition that respondent failed to comply with the verification requirement, in his 100-page opening brief or his 30-page answering brief he did not identify any defects, choosing instead to make the frivolous arguments we rejected above.[2]

We therefore sustain respondent's determination to proceed with collection against petitioner.

<u>Decision will be entered for</u>

<u>respondent</u>.

---

[2] We also warn petitioner that sec. 6673 authorizes the Court to impose a penalty of up to $25,000 for frivolous and groundless arguments or whenever it appears to the Court that "proceedings before * * * [us] have been instituted or maintained by the taxpayer primarily for delay".  Sec. 6673(a)(1)(A). Because this is petitioner's first case before the Court, we will not impose a penalty, but he may expect a penalty in a future case if he persists in maintaining the same frivolous and meritless positions or uses the Court primarily for delay, despite our warning.